## CHUNN *v.* GRAHAM.

1. In habeas corpus proceedings to determine who is entitled to the custody of a minor under the age of fourteen, the wish of the child, while not controlling, may be considered along with all the other evidence, to enable the court to determine what is for the best interest of the child, and who is the proper custodian. Penal Code, § 1226.
2. The evidence warranted the finding, and this court will not interfere with the discretion of the trial judge in awarding the custody of the child to the grandmother.

Submitted March 23, — Decided April 8, 1903.

Habeas corpus. Before Judge Harris. Meriwether superior court. October 4, 1902.

This was a contest for the custody of a girl of thirteen years. The evidence was conflicting, but there was enough to warrant the

ordinary in finding that the mother had abandoned the child when it was an infant; that the father had requested the grandmother to care for her; that according to her station and means in life the grandmother had fairly discharged this duty; that, shortly before the application for habeas corpus by the grandmother, the mother had taken the child from school to which she was being sent by the grandmother; that petitioner was better qualified to train and care for the minor than the respondent; and that the child preferred to stay with the mother, but the father wished her to return to the grandmother.

*McLaughlin & Jones,* for plaintiff in error.
*Culpepper & Blalock,* contra.

LAMAR, J. (after stating the foregoing facts). It was competent on the hearing to permit the child to state with whom she preferred to live. In many cases such wish ought to turn the scale. The nearer the child approaches fourteen, with the legal right to choose her guardian, the greater the weight to be given such wish. But until that age the law does not recognize the child as sufficiently mature to determine with whom it ought to live; and its wish, therefore, is not controlling, but may be considered by the habeas corpus judge along with all the other evidence as to what is to the minor's best interest. For at last, in this class of cases, that is usually the controlling factor. The petitioner and respondent start the machinery of the law, and can appeal and continue the litigation until there is a final decision; but it is the best interest of the child, and not the interest of the moving parties, that must control the decision, unless one of them has a legal right and is a proper person to have the custody of the minor. There was no error of law assigned; the evidence, though conflicting, was amply sufficient to support the finding of the ordinary, which has been approved by the judge of the superior court on an application for certiorari; and the judgment is

*Affirmed. By five Justices.*