### DURDEN *v.* JOHNSON *et al.*

JENKINS, Justice. 1. Except as related to controversies between the father and the mother of a child, it is the rule that until majority the child shall remain under the control of the father unless the parental power shall be lost, which, among other ways, may be by "voluntary contract, releasing the right to a third person." Code, § 74-108; *Cannady* v. *Yawn,* 193 *Ga.* 270 (18 S. E. 2d, 461).

2. Where, after the death of the father, the mother becomes entitled to the custody and control of a child, such parental power and right may be lost by her just as in the case of the father *(City of Albany* v. *Lindsey,* 11 *Ga. App.* 573, 575, 75 S. E. 911, and cit.; Code, § 74-106); and a clear, definite, and certain voluntary contract releasing her right to the child to a third person becomes binding upon her, and is not subject to revocation without good cause shown. *Bently* v. *Terry,* 59 *Ga.* 555 (1, 3), 557 (27 Am. R. 399); *Janes* v. *Cleghorn,* 54 *Ga.* 9 (2), 14; *Eaves* v. *Fears,* 131 *Ga.* 820, 822, 826 (64 S. E. 269); *Ogletree* v. *Ellington,* 142 *Ga.* 636 (1, 2, 4) (83 S. E. 520); *Richards* v. *McHan,* 129 *Ga.* 275, 277 (76 S. E. 32); *Looney* v. *Martin,* 123 *Ga.* 209, 211 (51 S. E. 304), and cit.

3. In this habeas-corpus proceeding brought by the mother of a child against her deceased husband's sister and the sister's husband, the evidence authorized a finding by the judge that the mother had lost her parental custody and control of the child, by a clear, definite, and certain contract voluntarily releasing her right to the respondents. The judge found, under abundant evidence, that the respondents were suitable and proper persons qualified as to moral fitness and ability to support the child, and that the child would be well cared for by them, and did not err in recognizing the binding force and effect of the mother's contract of relinquishment. There is no merit in the exception that the judge should have exercised his discretion in awarding the child to whichever of the contestants might, in his opinion, have been thought best qualified to serve the welfare of the child, and that in so doing he should have considered the natural ties between mother and child.

*Judgment affirmed. All the Justices concur, except Hewlett, J., not participating.*

No. 14110. OCTOBER 13, 1942.

*C. B. McCullar,* for plaintiff. *Augustine Sams,* for defendants.