### SHOPE v. SINGLETON.

JENKINS, Presiding Justice. 1. "Where a father relinquishes the custody and control of his minor child to another, the latter, if a suitable and proper person to have such custody and control, is legally entitled thereto." *Carter* v. *Brett,* 116 *Ga.* 114 (42 S. E. 348); *Durden* v. *Johnson,* 194 *Ga.* 689 (22 S. E. 2d, 514), and cit.

2. While under the Code, § 50-121, the judge, upon a hearing of a writ of habeas corpus for the detention of a child, is vested with a discretion in determining to whom the custody shall be given, such discretion is not free or arbitrary, but is to be governed by the rules of law, and should be exercised in favor of the party having the legal right, unless the evidence shows that the welfare and interest of the child would justify the judge in overriding the rights of the person holding the legal claim. *Fowler* v. *Fowler*, 190 *Ga.* 453 (9 S. E. 2d, 760); *Butts* v. *Griffith*, 189 *Ga.* 296 (2) (5 S. E. 2d, 907); and cit.; *Monk* v. *McDaniel*, 116 *Ga.* 108 (4) (42 S. E. 360); *Chunn* v. *Graham*, 117 *Ga.* 551, 552 (43 S. E. 987); *Chapin* v. *Cummings*, 191 *Ga.* 408, 418 (12 S. E. 2d, 312); *Miller* v. *Wallace*, 76 *Ga.* 479 (2, *a*, *b*) (2 Am. St. R. 48). Where the evidence on the controlling issue is in conflict, the discretion of the judge will not be controlled. *Williams* v. *Hicks*, 149 *Ga.* 333 (100 S. E. 97). But it is "an improper exercise of discretion to render a judgment depriving one legally entitled to the custody of a minor child of the same and awarding such custody to another, where there is evidence showing the right and fitness of the former to have such custody, and no evidence to the contrary." *Carter* v. *Brett*, supra.

3. On the hearing of this petition for habeas corpus before the ordinary, brought by the grandmother of a girl of thirteen years, against a neighbor who had taken the child into his home because "her clothing was poor and he was sorry for her," and because of the child's statement that the grandmother had told her that "it would be all right for her to make her home" with the neighbor and his wife, the undisputed testimony showed that the deceased father of the child, after the mother's death, had given the custody and control of the child to the grandmother, and that the grandmother had not relinquished this right to the respondent. Nor did the evidence show that the petitioner had mistreated the child, or was in any wise an unfit person; but on the contrary it was shown without dispute that the grandmother was able to give and did give the child a home, the necessaries of life, and schooling, in the modest circumstances to which she and the child had been accustomed. Accordingly, although there was testimony showing the purchase of clothing for the child by the respondent and his wife and other kindly treatment, and that the child desired to remain with them, the evidence not only failed to show any unfitness of the grandmother, but failed even to show any substantial difference in the means of support of the contestants. The ordinary erred in awarding custody to the respondent, and it was error for the superior court to overrule the certiorari.

*Judgment reversed. All the Justices concur.*

No. 14622. SEPTEMBER 9, 1943.

*John F. Echols* and *H. S. Brooks,* for plaintiff.