RAILY *et al. v.* SMITH.

No. 15768. APRIL 19, 1947.

*James D. Shannon,* for plaintiffs in error.

· *R. D. C. Campbell* and *F. L. Clements,* contra.

HEAD, Justice. (After stating the foregoing facts.) It is conceded by counsel for the plaintiffs in error that the trial judge is vested with a broad discretion in habeas corpus cases in determining what will best promote the interest and welfare of the child, but it is the contention of counsel that the trial judge was under the erroneous impression that the mother had a superior right to the custody of the child, and that he had little or no discretion in the matter, and that, the judgment being rendered under a misconception of the law, the award was an abuse of discretion. It is also urged that the trial judge overlooked the Code, § 74-106, as follows: "Upon the death of the father, the mother is entitled to the possession of the child until his arrival at such age that his education requires the guardian to take possession of him. In cases of separation of the parents, or of the death of one and the subsequent marriage of the survivor, the court, upon writ of habeas corpus, may exercise a discretion as to the possession of the child, looking solely to his interest and welfare."

It is urged that—since the record shows a separation of the mother from the father and child for a long period of years, a divorce proceeding in which the custody of the child was given to the father by voluntary action of the mother, she stating that she could not control him, and her subsequent remarriage—this amounted to a forfeiture or·abandonment of the child; and that the father had the right to give the child to the respondent, Miss Georgia Raily. It is also contended that the testimony of the child should have been considered by the court.

While the trial judge was authorized to consider the fact that the mother of the child had separated from his father· a number of years before the death of the father, and left the child with him, in determining whether or not custody by the mother might best promote the welfare and happiness of the child, and the further question of her fitness to have custody of the child, the evidence. did not disclose such abandonment of the child by the mother as would cause her to forfeit her right of custody. "Until majority, it is the duty of the father to provide for the maintenance, protection, and education of his child." Code, § 74-105. "Upon the death of the father, the duty of supporting dependent minor children falls upon the mother." *Chapin* v. *Cummings,* 191 *Ga.* 412 (12 S. E. 2d, 312). The Code, § 74-108 (3), deals with the loss of parental power only by the *father* by failure to provide necessaries for his child or his abandonment of his family. In *Durden* v. *Johnson,* 194 *Ga.* 689 (22 S. E. 2d, 514), cited by counsel for the plaintiffs in error, in support of the theory that the mother could lose her parental power just as in the case of the father, the court was dealing with a voluntary contract of the mother releasing her right to the custody of her child to a third person. Where, as in the present case, in a separation of parents the mother permits the father to retain custody of the child, it does not necessarily follow that by such action she has waived her rights as to future custody, on the theory that such action on her part in permitting the child to remain with his father amounted to an abandonment.

"On the death of the parent who holds custody of a child under a divorce decree, the right to the custody automatically inures to the surviving parent." *Girtman* v. *Girtman,* 191 *Ga.* 173, 181 (11 S. E. 2d, 782). The award of custody of the child, in the

divorce proceedings, to the father with the voluntary consent of the mother would not amount to an abandonment of the child by the mother.

Since there was no forfeiture of the right of custody of the child by the mother, the trial judge was correct in his interpretation of the law that, while he had a discretion in the matter in determining to whom the custody of the child should be given, his discretion had to be exercised in favor of the party having the legal right, unless the evidence showed that the welfare and interest of the child would justify him in overriding the rights of the person holding the legal claim. *Shope* v. *Singleton,* 196 *Ga.* 507 (27 S. E. 2d, 26). The testimony of the child, 12 years of age, in regard to his wish to live with his aunts, was not controlling on the trial judge, although it could properly be given consideration. *Chunn* v. *Graham,* 117 *Ga.* 552 (43 S. E. 987). A review of the evidence does not show that the award of the custody of the child to his mother was an abuse of discretion by the judge.

It is insisted by counsel for the plaintiffs in error that—while the trial judge stated that his award was "temporary," he would maintain jurisdiction of the case, and on a proper showing would modify the judgment—the award was a permanent adjustment of the custody of the child upon the facts as they existed at the time it was entered. In *Lockhart* v. *Lockhart,* 173 *Ga.* 853 (162 S. E. 129), the status of a judgment in a habeas corpus proceeding such as the present was explained in language as follows: "While judgments in habeas-corpus proceedings instituted by parents to secure the custody of their minor children are conclusive upon them, such conclusiveness relates to the status existing at the time of the rendition of such judgments. Change of status may authorize a different judgment in a subsequent proceeding. The duty of the State as parens patriae, and the jurisdiction of a habeas-corpus court, are continuing, and not limited to . . the date of a previous judgment in a habeas-corpus proceeding. . . The capacity, ability, or fitness of the party to whom the child was awarded in the previous proceeding may thereafter become entirely different. . . Change of circumstances may render a change necessary in order to promote the health, happiness, or welfare of the child." The order of the trial judge

indicates that he realized that the order was final under the circumstances existing at the hearing, but that a change of circumstances might authorize a change in award at a subsequent proceeding. In any event, the plaintiffs in error were not harmed by the statement in the order of the court that the award was "temporary." *Judgment affirmed. All the Justices concur.*