226 P.2d 142

### GRIMDITCH v. GRIMDITCH.

No. 5161.

Supreme Court of Arizona.

Jan. 18, 1951.

Paul N. Roca, of Phoenix, for appellant. Philip F. LaFollette, of Madison, Wis., of counsel.

Frank W. Beer, of Phoenix, for appellee.

PER CURIAM.

On motion for rehearing the appellant has called the court's attention to the fact that it failed to rule upon his assignment of error No. VII. In that assignment he charged that the trial court abused its discretion and therefore erred in imposing an onerous restriction upon him in its granting to him the right to the custody of his children during a portion of each year. Specif-

ically the portion of the judgment of which complaint is made requires him to execute and post a continuing bond fixed by the court in the sum of $25,000 conditioned that defendant would safely return his minor children to the custody of their mother in Arizona at the termination of their visit with him and that he would not, during the period said children are in his custody, initiate any litigation outside the state of Arizona seeking a change in their custody or to in anywise modify the judgment of the Arizona court.

We must confess the oversight. We have examined the record carefully and so far as we are able to ascertain, it discloses no blot upon the character of appellant. On the contrary it would indicate that he is a highly respected, reliable and responsible citizen of the state of Pennsylvania. While it is true the trial court had the opportunity to observe the parties during the course of trial and discern whatever bitterness there existed between them at the time, yet we can find nothing in the record to justify the trial court in believing that appellant would deliberately or at all violate the judgment of that court. To maintain a continuing bond of $25,000 for the privilege of having his children with him for 30 days a year until 1952 and 60 days each year thereafter, we believe to be an undue burden upon appellant and that his character and his standing in the community in which he lived are such that the court would have been warranted in placing his children with him as provided for in the judgment without any undertaking whatsoever. In short, we find nothing in the record that justifies such action on the part of the trial court. We therefore hold that the lower court erred in requiring bond of him conditioned that he would abide by the terms of the judgment relating to the custody of his children.

We observe that a similar restriction was imposed upon appellee as a condition precedent to the removal by her of the children involved from the jurisdiction of the Arizona court. No appeal was taken therefrom. Therefore any modification thereof will have to be made by the trial court. We adopt our former opinion in this case in its entirety except that it is ordered that the judgment of the trial court be modified to permit the removal of the minor children of the parties hereto from the state of Arizona by appellant without the necessity of executing and posting bond in any sum whatsoever.

Judgment, as modified, affirmed.

UDALL, C. J., and STANFORD, PHELPS, DE CONCINI and LA PRADE, JJ., concur.