## BENJAMIN v. BUSH et al.

WYATT, Justice. Viola Benjamin filed habeas corpus proceedings against George Bush and Mary Bush, seeking the custody of a child. The evidence was to the effect that both the plaintiff and the defendants were financially able to support and care for the child, and that both were fit and proper persons to have custody of the child. It further appeared that, on the afternoon of May 15, 1951, the infant who is the subject of this habeas corpus proceeding was found in the woods covered with pine straw and dirt but still alive. The sheriff of the county placed the child with the defendants in error, who agreed to take and care for the child. The county health authorities were called in to assist in treating the child, who was then in very bad physical condition. The mother was at that time unknown. Virgie Lee Benjamin, the mother of the child, who was unmarried, first denied that she had given birth to any child. The sheriff carried her to a doctor a few days after the child had been discovered, and after a physical examination, the doctor advised that she had given birth to a child within the last three days. The mother shortly thereafter admitted that she had given birth to the child, and testified on the trial that she gave birth to the child on the afternoon of May 13, 1951, in the woods back of the house where she was staying, and that she thought the child was dead and covered it up with dirt and straw and left it in the woods for dead. The sheriff testified to circumstances, such as blood on the bed and floor, that would have authorized a finding that the child was born in the house and later carried to the woods and buried. The mother testified that she had given the child to her mother, the plaintiff in error, in consideration of her agreement to care and provide for the infant as if it were her own child. She stated that this agreement was made after she had admitted the birth of the child, and after it had been placed with the defendant in error by the sheriff. The trial judge awarded the custody of the infant to the defendants in error. The exception is to that judgment. *Held*:

"Where, after the death of the father, the mother becomes entitled to the custody and control of a child, such parental power and right may be lost by her just as in the case of the father." *Durden* v. *Johnson,* 194 *Ga.* 689 (22 S. E. 2d, 514), and cases there cited. This parental right of custody and control may be lost by abandonment. See Code, § 74-108 (3). The father of this infant is unknown. The question therefore arises whether or not the mother of this child had lost her parental right of custody and control at the time she by contract gave the child to the plaintiff in error, the grandmother. If she had legally lost this right, the contract with the grandmother would, of course, be of no avail. No case even similar on its facts to the instant case has been called to our attention, and we have found none. We can think of no way to more effectively abandon a child than to leave it covered with dirt and straw in the woods to die if living, and to be devoured by animals and the fowls of the air if dead. We therefore hold that the mother had abandoned this child prior to the making of the contract relied upon by the grandmother. It follows that the trial

court did not err in awarding the custody of the child to the defendants in error.

*Judgment affirmed. All the Justices concur.*

No. 17595. ARGUED SEPTEMBER 11, 1951—DECIDED OCTOBER 3, 1951—
REHEARING DENIED NOVEMBER 16, 1951.

*Allyn M. Wallace, Gilbert E. Johnson,* for plaintiff.
*W. Roscoff Deal* and *Edwin A. McWhorter,* for defendants.