309 P.2d 973

R. R. WOODFORD, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF GRAHAM, and the Honorable Jesse A. Udall, a Judge of said Court, Respondents.

No. 6396.

Supreme Court of Arizona.
April 10, 1957.

Henderson, Trew & Clark, Stockton & Karam, and Ford Dodd, Phoenix, for petitioner.

Rawlins, Davis, Christy, Kleinman & Burrus, and Chester J. Peterson, Phoenix, for respondents.

LA PRADE, Justice.

This case is before us for review on certiorari. The writ was issued at the instance of the petitioner, R. R. Woodford, court-appointed guardian of the children involved. Petitioner challenges the jurisdiction of the Superior Court of Graham County, Arizona, to modify the divorce decree in the case of Clifford v. Clifford, No. 3613, by changing the legal custody of the children from Constance Clifford (Woodford) to S. K. Clifford, the natural father of the children. The original decree was entered in 1946, in Graham County, at which time the plaintiff, Constance Clifford, was granted a decree of divorce from her husband, S. K. Clifford, and awarded the care and custody of their two minor children, with a provision for support payments. In 1946 Constance married petitioner, R. R. Woodford, and they took up their residence in other counties, having been residents of Maricopa County approximately five years prior to the proceedings to be related.

In the latter part of 1956 it became apparent that Constance Clifford Woodford would soon die of an incurable malady. On October 29, 1956, Constance petitioned the Superior Court, in and for Maricopa County, to appoint her husband, R. R. Woodford, guardian of her two minor children by the former marriage, and an order appointing him as guardian was entered forthwith without notice to S. K. Clifford. The next day Woodford petitioned the same court to award him legal custody of the children, and an order to show cause why such award should not issue was served upon Clifford. On November 4, 1956, Constance died.

Clifford filed a motion to quash the above order to show cause, and also filed a response to this order, giving reasons why custody should not be awarded to Woodford. Hearings on these matters were pending at the time Woodford petitioned this court for the writ of certiorari.

On November 29, 1956, following the death of Constance, and at the instance of Clifford, the Graham County Superior Court issued an order to show cause why the divorce decree should not be modified by transferring custody of these minor children to Clifford. Timely service of this order was made on Woodford, and a hearing was had thereon, at which Woodford appeared solely as an amicus curiae. At the close of this proceeding the court modified the divorce decree, awarding legal custody of the children to S. K. Clifford, and directing that R. R. Woodford deliver up custody to him.

The only question presented is whether the Superior Court of Graham County had jurisdiction to modify the divorce decree, transferring the legal custody of the minor children to the survivor after the death of one of the parties to the divorce action.

 It is apparent that if the Graham County Superior Court had jurisdiction to modify the divorce decree transferring custody of the children to Clifford, it must be derived from section 25–321, A.R.S.1956, as interpreted. This section reads that

"The court may from time to time after entry of final judgment, on petition of either party, amend, revise and alter the portions of the decree which relate to payment of money for the support and maintenance of the wife or the expenses of the proceedings, as may be just, and may amend, change or alter any provision of the judgment respecting the care, custody or maintenance of the children of the parties as circumstances of the parents and welfare of the children require."

Our court has repeatedly held in interpreting this statute that the court which grants the divorce retains continuing jurisdiction to modify the provisions of the divorce decree with respect to the "care, custody or maintenance of the children of the parties as circumstances of the parents and welfare of the children require". Davis v. Davis, 78 Ariz. 174, 277 P.2d 261; Cone v. Righetti, 73 Ariz. 271, 240 P.2d 541; Grimditch v. Grimditch, 71 Ariz. 237, 226 P.2d 142; Barrett v. Barrett, 44 Ariz. 509, 39 P.2d 621. But the question before us in the instant case is not the fact of such continuing jurisdiction but rather whether it continues after the death of one of the parties. On this issue we find the prevailing and better-reasoned rule to be that the death of one of the parties divorced by a judicial decree terminates the continuing power of the court to modify the decree with respect

to the custody of the children involved. 27 C.J.S., Divorce, § 314; Brown v. Brown, 218 Ark. 624, 238 S.W.2d 482; see also Annotation, Death of Custodian of Child, 74 A.L.R. 1352; 39 A.L.R.2d 260, 278. This rule prevails in jurisdictions having provisions similar to ours for continuing jurisdiction to amend the decree relative to custody. In re De Leon, 1924, 70 Cal.App. 1, 232 P. 738. We cited this case with approval in Grimditch v. Grimditch, supra. Such continuing jurisdiction on the custody matter becomes clearly unnecessary when it is considered in the light of the well-settled proposition that, upon the death of a party who holds legal custody pursuant to a divorce decree, the right of legal custody automatically inures to the surviving parent. In re Frank, 41 Wash.2d 294, 248 P.2d 553; Raily v. Smith, 202 Ga. 185, 42 S.E.2d 491; Annotation, 74 A.L.R. 1352, supra. The legal custody so derived continues until it is shown that such survivor is unfit to assume the responsibilities inherent to parenthood. The reasoning upon which this rule is founded is clearly pronounced in the textual material appearing at 128 A.L.R. 990, wherein it is stated that

"* * * where the custody of children is granted to their mother by a decree of divorce, such custody does not forever cut off and bar the father's right to their custody so long as the decree is unmodified, but only establishes the right of custody between the two spouses during their lives, and that upon the death of the mother her right does not descend nor can it be transmitted, but that the right of the father to the custody of the children is revived, provided, of course, he is a person suitable for the custody of the children."

The well-settled rules above set forth make it plain that the jurisdiction of the Superior Court of Graham County to modify the divorce decree with respect to the custody of the children, terminated upon the death of Constance, and we, therefore, hold that the judgment entered pursuant to the modification order of that court was null and void for want of jurisdiction.

The respondent court and the judge thereof are directed to enter an order vacating and setting aside the judgment of modification of the divorce decree.

UDALL, C. J., and WINDES, PHELPS and STRUCKMEYER, JJ., concur.