No. 40,572

David W. Heilman, *Plaintiff*, v. Clara L. Heilman, *Appellee*, Marie Heilman, *Appellant*.

(312 P. 2d 622)

Opinion filed June 8, 1957.

*John Bergland*, of Clay Center, argued the cause and was on the briefs for the appellant.

*John Callahan* and *J. Francis Hesse*, both of Wichita, were on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is another chapter in protracted litigation relating to the custody of a minor child of divorced parents. A brief resume of the background of the case as disclosed in two earlier opinions of this court will be helpful to a proper understanding of matters now before us.

In 1949 David and Clara Heilman were divorced by a decree of the district court of Riley County. They were the parents of one son, Jack, and custody of him was granted to David's parents, Fred and Marie Heilman, who resided nearby in Clay County. Reasonable visitation rights were given to Clara.

A few months later David and Clara were remarried to each other at Manhattan and shortly thereafter left for California to make their home, taking their son Jack with them. In 1951 David and Clara again separated. Following various divorce actions in California and Idaho, the parties were divorced by a California court and Clara was awarded custody of the child, who, in the meantime, had been returned to Kansas and was living with his paternal grandparents.

In January, 1953, Clara filed in this court an application for a writ of habeas corpus in an effort to obtain custody of the child. Following a lengthy hearing thereon the commissioner appointed by this court recommended that the writ be denied. In *In re Heilman*, 176 Kan. 5, 269 P. 2d 459 (cert. denied 348 U. S. 944, 99 L. ed. 739, 75 S. Ct. 366), we upheld the findings and recommendation of the commissioner, our opinion being filed on April 10, 1954.

In 1955 Clara, the mother, filed an application in the district court of Riley County for an order granting to her the absolute control and custody of the child. In October of that year, after a full hearing, the court modified the original 1949 custody order and granted custody to Marie, the grandmother, during the school months of each year, and to the mother during the school vacation period and the Christmas holidays. We are advised that Fred Heilman, husband of Marie, father of David, and grandfather of Jack, died in 1954.

Clara appealed from the decision granting divided custody, alleging error by the court in failing to grant absolute custody to her. For reasons appearing in the opinion, we dismissed Clara's appeal on June 30, 1956 (*Heilman v. Heilman,* 180 Kan. 116, 299 P. 2d 601).

Henceforth in this opinion Clara will be referred to as the mother, Marie as the grandmother, and David as the father.

On Tuesday, August 28, 1956, the mother filed another application in the district court of Riley County, seeking to obtain the absolute care and custody of her child, who was then ten years old. This motion is not set out in the record before us, but notice of the hearing was directed to the grandmother and her attorney of record. It specified that the motion for change of custody would be presented for hearing on Tuesday, September 4th. Copies of this motion and notice of hearing were served on the grandmother, through her attorney, on Wednesday, August 29th.

On Tuesday, September 4th, the mother and grandmother appeared in court in person and by their respective counsel. At that time the grandmother moved for a continuance on the ground she had not had sufficient time in which to prepare for trial, but stated she had no objection to permitting the mother, a resident of California, to perpetuate her own testimony before the court on September 4th. Following arguments on this motion the court continued the hearing until the next morning, Wednesday, September 5th.

On Wednesday, September 5th, the mother and her counsel, the grandmother and her counsel, and the child, appeared in court in person. The grandmother filed a written answer in which, among other things, it was alleged the court did not have jurisdiction of the matter and that to proceed with a hearing thereon would deny due process of law guaranteed by the Fourteenth Amendment to the Constitution of the United States, in that the father of the child, who resided in California, had not been given due and reasonable notice of the motion for change of custody; that the child had not been given due and lawful notice of the hearing of such motion; that no guardian *ad litem* had been appointed for the child to protect his interests, and that she, the grandmother, had not been given due and reasonable notice and time to file a proper answer or to prepare an adequate defense. Other matters contained in the answer are immaterial for our purposes and need not be mentioned.

On the day in question, Wednesday, September 5th, the court denied a further continuance and proceeded to hear the motion. The mother introduced her evidence in support thereof and rested. The grandmother's demurrer to the mother's evidence being overruled, she then introduced her evidence and rested. Following this the trial judge and the child held a private conference in the

judge's chambers. The mother and grandmother then were asked if they had any further evidence to offer and both answered in the negative. Counsel for the mother waived oral argument, but counsel for the grandmother did not.

The court, after admonishing the parties to reconcile their personal differences, then made an order granting complete and absolute care, custody and control of the child to the mother, with the further order that the father should have the right to visit with the child at all reasonable times and under reasonable circumstances.

The grandmother has appealed, and contends the trial court erred and denied her the equal protection and due process of law afforded her by the Fourteenth Amendment to the Constitution of the United States (1) in refusing to require notice of the mother's motion for change of custody be given to the father; (2) in refusing to appoint a guardian *ad litem* for the lawful protection of the child's rights, and (3) in refusing to require that reasonable notice of the motion for change of custody be given to her, the grandmother.

We first discuss the failure of the trial court to appoint a guardian *ad litem* to represent the minor child at the custody hearing. The only authorities relied upon in support of the grandmother's contention are our statute, G. S. 1949, 60-408, an excerpt from 27 Am. Jur., Infants, § 140, p. 859, and the case of *Pierson v. Brenneman*, 171 Kan. 11, 229 P. 2d 1019, none of which is in point or has any bearing on the matter. The mentioned statute and case clearly apply only to questions relating to service of process on minors as litigants, and the same is true of the textbook citation.

Under our statute, G. S. 1949, 60-1510, and numerous decisions (see *Duffy v. Duffy*, 176 Kan. 112, 268 P. 2d 931, and *Leach v. Leach*, 179 Kan. 557, 296 P. 2d 1078), the jurisdiction of a district court over custody of minor children in a divorce action is a continuing jurisdiction and the court may, on proper motion and notice, modify or change any order previously made whenever circumstances are shown which make such modification or change proper.

Here the minor child, although being the "subject" of the litigation, was not a party litigant. He was present in court, as were his mother and grandmother to whom a divided custody order previously had been granted. Perhaps in a given case, and under peculiar and unusual circumstances, it would be proper to appoint a guardian *ad litem* to represent a minor child at a custody hearing,

but there is nothing in the case before us to indicate the court erred in not following such procedure. The grandmother's contention as to this matter is entirely lacking in merit and cannot be sustained.

We next consider the grandmother's contention that she was not given reasonable notice of the hearing of the motion for change of custody.

As stated previously, copies of the motion and notice of hearing were served on her on Wednesday, August 29th, and the motion was heard on Wednesday, September 5th. It is true that Sunday, September 2nd, and Monday, September 3rd, a Labor Day holiday, intervened, but even excluding both of those days, together with the first day (August 29th), she still had five days notice. The applicable statute is G. S. 1949, 60-722, which provides that where notice of a motion is required "it shall be served a reasonable time before the hearing." The matter therefore resolves itself into the question whether, under all of the circumstances, the grandmother had reasonable notice.

She has not seen fit to abstract any of the evidence introduced at the hearing, but we are told, and it is not disputed, that the evidence was largely repetitious of that introduced at the custody hearing in 1955. We do know that this dispute between the mother and grandmother has continued practically unabated ever since 1951, when the mother and father of the child separated for the last time. At the time of this last custody hearing the mother was a resident of California and had returned temporarily to Kansas for the purpose of again attempting to secure full custody of her child. Other than bald statements, the grandmother has presented nothing tending to show that she was prejudiced by the failure of the court to grant a further continuance of the hearing, or that she was in any way denied a full opportunity to present her side of the matter. There is no showing that the court abused its discretion in proceeding to hear the motion on Wednesday, September 5th, and the grandmother's contention in this respect is lacking in merit and cannot be sustained.

This brings us to the final question—was it error for the court to hear the motion for change of custody without notice to the father who, it is contended, was an "interested party" and therefore entitled to notice? In one sense of the word it of course cannot be denied that a parent always is an "interested party" in a dispute

involving custody of his child, but such concession hardly answers the question presented under the facts and circumstances before us. The father had not been awarded custody. This dispute was between the mother and paternal grandmother. We are told, and it is not disputed, that during the time in question the father was in California. The record does not disclose that his exact whereabouts were even known, and neither does it disclose that the grandmother was in any way prejudiced or handicapped in presenting her side of the case because of the father not being present.

In *Lamberson v. Lamberson,* 164 Kan. 38, 187 P. 2d 366, involving a custody dispute, care and custody of a child was given to plaintiff father's mother for a limited time and thereafter to plaintiff father. At a later time the parents of defendant mother filed a motion for change of custody to them, but failed to give notice to either the father or mother. In holding such a procedure to be error it was said in syllabus 1 of the opinion that notice of the hearing of the motion to change custody should have been given to all "interested parties."

Several months later, in *Bailey v. Bailey,* 164 Kan. 653, 192 P. 2d 190, a somewhat similar question arose. Plaintiff father secured a divorce from his wife and custody of their child was granted to the father's stepmother with visitation rights in the mother. Later, a disagreement apparently developed between the father and his stepmother and the father filed a motion for an order granting custody to him. Service of this motion was had on his stepmother, to whom custody had previously been awarded, but no notice of the motion was given to the mother. At the hearing of this motion the father prevailed and his stepmother appealed. One of her contentions was that the trial court was without power or jurisdiction to act on the motion to change custody for the reason that no notice of hearing of the motion was ever given to the mother, and reliance was placed on the statement contained in the Lamberson case to the effect that in such a matter notice of the hearing of the motion should have been given to all "interested parties" and that the mother would naturally fall within that class of persons.

In disposing of that contention this court held that if the phrase "to all interested parties," as used in the Lamberson case, is restricted to those having custody, or a right to custody under the decree or order sought to be changed, then such statement is a correct statement of law, but otherwise interpreted is too broad

and to that extent is disapproved. The (Bailey) case is authority for the rule that where, in an action for divorce and custody of a minor child, the trial court makes an order fixing custody and at a later date a proceeding is instituted to change such custody, the court may make such an order only where the person having custody, or right to custody of the child under the previous order, has had notice of the proceeding to change custody and an opportunity to defend. Further, under the facts of that case, the decision is authority for the proposition that notice to the mother of the motion for change of custody was unnecessary.

As applied to the facts and circumstances of the case before us, the rule is clear. Here the grandmother had previously been awarded partial custody and she was given notice of the hearing, as is required under the rule in the Bailey case. The father, not having custody, or a right to custody under a previous order, was not served with notice of the hearing and, under the rule of the Bailey case, was not entitled thereto as a matter of law. Adherence to the rule of the Bailey case resolves the question before us contrary to the grandmother's contentions—in other words, it was not error for the trial court to hear the motion for change of custody in the absence of notice to the father.

Perhaps it is correct to say that no two custody cases are identical and present exactly the same questions. Despite certain fundamental rules and guideposts, each case, in the very nature of things, must of necessity be decided upon its own particular facts and circumstances. Even under the rule of the Bailey case, a trial court, in the exercise of its sound discretion, would still have the right to require notice to one occupying the status of the father in the case before us, and what is said here is not to be construed as precluding a trial court from requiring notice to one occupying such status in a given set of circumstances.

As heretofore stated, the grandmother has not abstracted the evidence at the hearing of the motion for change of custody, and our review is limited to an examination of the pleadings and journal entry of judgment. Nowhere in the record is shown a finding of unfitness of the mother to have custody of her child. Such being the case, she is, under the rule announced in *Christlieb v. Christlieb*, 179 Kan. 408, 295 P. 2d 658, entitled to custody as against the grandmother.

We find no error in the record and the judgment is therefore affirmed.