503 P.2d 975

**Jo Anna LeROY, Petitioner,**

v.

**Vincent E. ODGERS, Special Court Commissioner, Pima County Superior Court, and Carl Jerome LeROY, Real Party in Interest, Respondents.**

**No. 2 CA–CIV 1310.**

Court of Appeals of Arizona,
Division 2.

Dec. 11, 1972.

Rehearing Denied Jan. 12, 1973.

Review Denied Feb. 6, 1973.

Mary Anne Peters, Tucson, for petitioner.

Bernard I. Rabinovitz, Tucson, for respondents.

HATHAWAY, Judge.

Petitioner, plaintiff in a pending divorce action in superior court, seeks review of temporary child custody and support orders. (Respondent real party in interest is the defendant below). Since we are of the opinion that appellate intervention as to the child custody disposition is appropriate, we assume jurisdiction.[1]

Briefly, the procedural chronology is as follows. Petitioner-wife filed an action for divorce against respondent-husband on August 13, 1972 pursuant to which she ob-

---

1. We decline, however, to intervene as to the sums awarded for interim support since at this juncture of the proceedings we are unable to find lack of evidentiary support therefor.

tained a temporary restraining order and an order to show cause hearing was set for August 28, 1972. The latter order included direction to show cause why petitioner should not be awarded the care, control and custody of the three minor children of the parties *pendente lite*.

According to the petition filed herein, evidence was presented at the August 28th hearing that the three children were not attending public school but in lieu thereof, were receiving home instruction with the use of the Calvert Home Study Course under the daily supervision of a tutor. This evidence was presented in connection with the $160 per month school tuition expense listed in the wife's affidavit. Whether this mode of education had been approved by the appropriate school authorities pursuant to A.R.S. § 15–321, subsec. B so as to excuse the children's attendance in public schools as mandated by A.R.S. § 15–321, subsec. A, was not inquired into nor was any evidence relative thereto presented. Furthermore, there was no evidence that this home instruction was detrimental to the children's best interests.

At the conclusion of the hearing, the court entered an order which recited in pertinent part:

"  .  .  .  the court reviewing the testimony and determining therefrom that neither parent has complied with the mandate of A.R.S. § 15–321(a), nor having presented to the Board of Trustees of the County Schools of Pima County good reason for their not complying, and the court taking judicial notice of the fact that school now has either commenced, or is about to commence,

IT IS ORDERED that neither the plaintiff, nor the defendant, have legal custody of the children of the parties pending this action.

IT IS FURTHER ORDERED that counsel for the Plaintiff notify the Court when the maternal grandmother of the children is willing to appear in Court and consent to having physical custody of the children of the parties during the pendency of this action for the purpose of providing a home for them and the further purpose of attending to their immediate enrollment in the appropriate school within the district within which the maternal grandmother resides, or notify the Court that the maternal grandmother refuses to so act, in which case, the matter of the custody of the children shall be transferred forthwith to the Juvenile Court for further hearing and determination.

\*  \*  \*  \*  \*  \*

IT IS FURTHER ORDERED  .  .  . that the defendant further pay to the maternal grandmother the monthly sum of Two Hundred Twenty-five ($225.00) Dollars as and for the support of the minor children of the parties pending further order of the Court or hearing in Juvenile Court.

Pending further order of the court, both the plaintiff and defendant shall have reasonable visitation with their children at times reasonably convenient with the children's maternal grandmother, but limited to such time as will not interfere with the children attendance in public school."

Petitioner subsequently filed a motion requesting *inter alia* that the court amend the order as to custody. Appended to the motion was her affidavit which recited that she had obtained the approval of the Pima County school superintendent with respect to the home study program. Approximately two weeks later, the court conducted an *ex parte* hearing at which the maternal grandmother appeared and consented to having physical custody of the children and to accepting from the defendant the monthly sum of $225 as support for the children pending further order of the court. On the same date, the petitioner's motion for rehearing was denied.

■■ No citation of authority is necessary for the well-established principle that, absent an abuse of discretion, appellate

courts do not interfere with a trial court's determination in matters of child custody. We have, however, recognized that the right of parents to the custody of minor children is both a natural and a legal right. Anguis v. Superior Court, 6 Ariz.App. 68, 429 P.2d 702 (1967).

We are of the opinion that the lower court abused its discretion in placing the children in the custody of the maternal grandmother. Initially we note that this litigation is between the father and the mother and the maternal grandmother was neither a party to it nor asserted a claim to custody of her grandchildren. She appeared solely in response to the court's direction for purposes of giving her consent to the responsibility of custody which the court had decided was the most favorable course. Therefore this is not a situation in which issue is joined between a parent and grandparent.

Our legislature has expressed itself with respect to child custody. In the chapter on divorce, the court is directed to order that which is "most expedient under all circumstances for . . . present comfort and future well-being" of the minor children. A.R.S. § 25–319, subsec. A. This legislative pronouncement is known as the "best interest of the child" standard. On the other hand, in the chapter on guardianship, the legislature has declared that either parent, not otherwise unsuitable, shall be entitled to the guardianship of a minor in preference to others. A.R.S. § 14–846 subsec. C. Reading these statutes together, they create, at the very least, a rebuttable presumption that a fit parent is to be preferred over non-parents with respect to child custody. McGlone v. McGlone, 86 Nev. 14, 464 P.2d 27 (1970).

Nothing to the contrary appearing, the law presumes parental fitness. Henning v. Henning, 89 Ariz. 330, 362 P. 2d 124 (1961); Ward v. Ward, 88 Ariz. 285, 356 P.2d 30 (1960). Unless there is a finding of parental unfitness, a parent is entitled to custody as against a grandparent. Sterrett v. Sterrett, 45 Ala.App. 375, 231 So.2d 152 (1970); Gheen v. Gheen, 247 Or. 16, 426 P.2d 876 (1967); Wise v. Gillette, 90 Idaho 136, 408 P.2d 806 (1965); Heilman v. Heilman, 181 Kan. 467, 312 P.2d 622 (1957); In re Smith's Guardianship, 147 Cal.App.2d 686, 306 P.2d 86 (1956); McGlone v. McGlone, supra. In the absence of evidence to the contrary, there is a presumption that a child's welfare will best be served by giving custody to a parent, and parental rights should never be denied except for the most cogent reasons and unless parental unfitness is clearly established by the evidence. In re Rogers, 492 P.2d 324 (Okl.1971); 27B C. J.S. Divorce § 308 c.

The record here reflects no finding of parental unfitness. The court's order indicates that the only basis for its denial of parental custody was its conclusion that the mandate of A.R.S. § 15–321 had not been satisfied. We do not deem such determination a finding of parental unfitness. In fact, it would appear that the primary reason for the custodial order was a conclusion that a public school education was preferable since the lower court refused to reconsider its ruling even in the face of petitioner's affidavit which reflected compliance with the statutory mandate. In a recent decision handed down by this court, In Matter of Appeal in Pima County Juvenile Action No. J–31853, 18 Ariz.App. 219, 501 P.2d 395 (filed October 2, 1972), we reversed a juvenile court adjudication of dependency. We indicated that courts should not interfere with parental custody merely because a child's "lifestyle" does not comport with the standards of others, in the absence of a showing of serious adverse effects upon the child. In the case at bench, there was no showing whatsoever that the home education program was detrimental to the children—in fact the contrary appears.

For the foregoing reasons, we vacate the order awarding child custody and support to the grandmother and order further proceedings not inconsistent herewith.

HOWARD, J., and J. RICHARD HANNAH, Judge of the Superior Court, concur.

NOTE: Chief Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge J. RICHARD HANNAH was called to sit in his stead and participate in the determination of this decision.