560 P.2d 1234
Julie Mendoza MORALES, Petitioner,

v.

Honorable Jerry H. GLENN, Judge of the Superior Court, Respondent,

Benjamin MORALES and Frankie Morales, minors, and Nellie Morales, Real Parties in Interest.

No. 12992.

Supreme Court of Arizona, In Banc.

Feb. 18, 1977.

Lewis & Roca by Jeremy E. Butler, Phoenix, for petitioner.

Traynor & Herbert, P.C. by John D. Herbert, Chandler, Estrada & Kobashi, Phoenix, for real party in interest Nellie Morales.

CAMERON, Chief Justice.

This is a petition for special action to determine whether the respondent Judge of the Superior Court, acting as Judge of the Probate Division, had jurisdiction to award custody of two minor children in a guardianship action pursuant to A.R.S. § 14–5204.

The facts necessary for a determination of this matter on appeal are as follows. Julie Mendoza Morales, the mother of Frankie Morales and Benjamin Morales, was divorced from the father, Arthur Morales, in July of 1973. Custody of the two minor children was awarded to the father in a decree which was silent as to the mother's fitness to have custody of the children.

In September of 1976, the father died and the paternal grandparents assumed custody of the two children. A request for custody by the mother was made to the grandparents which demand was refused. Nellie Morales, the grandmother, petitioned in the Probate Court for a guardianship for the children. The petition alleged that all parental rights of custody had been terminated by prior court order and that

"the Superior Court of Maricopa County, State of Arizona, has previously found the mother of said minors to be an unfit person to have their custody and control, and the minors desire to remain in the care of their grandparents."

At the time of this petition, Frankie was 10 years old and Benjamin was 14.

The mother, in a separate action, brought a petition for writ of habeas corpus in the Superior Court which resulted in a stipulation and order by the court returning the children to the mother and giving the paternal grandparents reasonable rights of visitation. The mother then moved to dismiss the proceedings in the Probate Court which motion was denied and from which denial she brings this petition for special action.

Before we decide the issue of the jurisdiction of the Probate Court, we feel we must dispose of two issues raised by the grandmother.

[1] First is the contention that the mother had been previously found to be an unfit person to have custody of the children. From the pleadings it is apparent that this factual allegation is based on the divorce decree which awarded custody to the father with rights of reasonable visitation in the mother. Under statutes both at the time of the divorce, A.R.S. § 25–319, subsec. A, and now, A.R.S. § 25–332, custody is to be determined on the basis of the best interests of the child. There can be and frequently are cases where both parents are fit and proper to have custody and the court must choose between the two as to which parent is the better one to be awarded custody. The fact that custody is awarded to one parent does not mean the other parent is unfit to have custody. However, the attorney for the grandparents states:

"Pursuant to the law in effect at that time, the Court was required to make a finding that the mother was not a fit and proper person to have custody in order to grant custody to the father. *Ward v. Ward*, 88 Ariz. 130, 353 P.2d 895 (1960)."

We have read the case of *Ward v. Ward*, supra, and find no such ruling. In fact, the court in *Ward v. Ward*, supra, stated:

"At the outset we are faced by the contention that a finding of the father's unfitness in the original action must be presumed from the fact that the court, in issuing the divorce decree without making findings of fact, placed the child in his mother's custody. No such presumption is called for. Since the boy was at that time six years of age ('of tender years'), and since the statute calls for custody in the mother under such circumstances—'other things being equal'—the only presumption which can arise against the father from the decree is that 'other things' were equal, i. e., that the father was no *more fit* than the mother." *Ward v. Ward*, supra, 88 Ariz. at 138–139, 353 P.2d at 901.

There is nothing in the record to indicate that the mother was, at the time of the

divorce or is now, unfit to have custody of the minor children.

 The second issue raised by the grandmother is that the mother's custodial rights had been terminated by the divorce decree. We do not agree. True, as between the mother and father, the divorce limited the custody of the mother in favor of the father, but awarding of custody to the father did not extinguish the mother's parental rights of custody as against the grandparents. *LeRoy v. Odgers*, 18 Ariz. App. 499, 503 P.2d 975 (1972). And we have stated, "upon the death of a party who holds legal custody pursuant to a divorce decree, the right of legal custody automatically inures to the surviving parent." *Woodford v. Superior Court*, 82 Ariz. 181, 184, 309 P.2d 973, 974 (1957).

Not only had the mother's parental rights of custody not been terminated, but the court in the habeas corpus action had ordered the return of the custody to the mother prior to the time the court heard the motion to dismiss.

## DOES THE PROBATE COURT HAVE JURISDICTION?

A.R.S. § 14–5204 reads as follows:

"The court may appoint a guardian for an unmarried minor if all parental rights of custody have been terminated or suspended by circumstances or prior court order. * * * "

 The pleadings clearly indicate "all parental rights of custody" of the mother had not been terminated either by circumstances or court order. In the instant case, the mother regained all rights of custody both at the time of the death of the father, *Woodford v. Superior Court*, supra, and actual custody by reason of the order of the court in the habeas corpus action. The divorce decree was not a termination of the mother's parental rights of custody and the order in the habeas corpus proceeding completely negated any allegation that the mother's parental rights of custody had been suspended by circumstances. There are no facts left to adjudicate for the purpose of the motion to dismiss.

The court had no jurisdiction to re-litigate the custody of the two minor children, and it was error not to grant the mother's motion to dismiss. See also *Charboneau v. Superior Court*, 101 Ariz. 586, 422 P.2d 702 (1967), re propriety of appointment of a guardian where the natural guardian (the parent) is capable of acting.

The grandmother contends, however, that this court has allowed the court to determine custody in a guardianship similar to this. In a case wherein there was both a habeas corpus and a guardianship action concerning a contest for custody between a stepfather and the natural father after the death of the mother, we stated:

"They [the children] continued in the custody of Woodford after the writ of habeas corpus issued upon the petition of Clifford for their custody. Woodford then sought his appointment as their guardian. He had the right to have the trial court determine the question of what would be for their best interest and welfare in this particular litigation. The writ of habeas corpus alone provided adequate legal mechanism for such determination. However, the court consolidated that case with Woodford's petition for his appointment as their guardian and for the custody of said children. Both cases had for their purpose the same end result; therefore, their consolidation resulted in no prejudice to either party." *Clifford v. Woodford*, 83 Ariz. 257, 261, 320 P.2d 452, 455 (1957).

 We do not construe *Clifford v. Woodford*, supra, as holding that the Superior Court in a guardianship action has jurisdiction to award custody of minor children where the parental rights of custody have not been terminated. If the welfare of the child is in danger or the child is being held unlawfully, habeas corpus is available. To completely sever the parent-child relationship, the juvenile court has exclusive jurisdiction. A.R.S. § 8–532. The Probate Court does not have jurisdiction to award custody when custody by operation of the law, *Woodford v. Superior Court*, supra, or

by court order as in the previous habeas corpus proceedings, has already been determined.

The grandmother further asserts, however, that since Benjamin is 14 years old, the following statute applies:

"The court shall appoint as guardian any person whose appointment would be in the best interests of the minor. The court may appoint a person nominated by the minor, if the minor is fourteen years of age or older, unless the court finds the appointment contrary to the best interests of the minor." A.R.S. § 14–5206.

Benjamin did nominate his grandmother to be his guardian. The grandmother contends that this statute and A.R.S. § 14–5207(A)(3) allow the court to appoint the guardian even over the objections of the mother. We do not agree. A.R.S. §§ 14–5206 and 14–5207 must be read with the provisions of A.R.S. § 14–5204 that the court may not act until "all parental rights of custody have been terminated or suspended by circumstances or prior court order." Such is not the case herein.

The matter is remanded to the Superior Court of Maricopa County with instructions to dismiss the petition for guardianship.

STRUCKMEYER, V. C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.