607 P.2d 959

**Harold R. STANSELL, Imogene L. Stansell and Deborah L. Bedker, Petitioners,**

v.

**SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, the Honorable Henry F. Sill, Commissioner, Respondents.**

No. 14741.

Supreme Court of Arizona, En Banc.

March 3, 1980.

---

Logan, Marton, Halladay & Hall by Denise St. Angelo, Phoenix, for petitioners.

Charles F. Hyder, Maricopa County Atty. by Q. Dale Hatch, Deputy County Atty., Phoenix, for respondents.

HAYS, Justice.

This court accepted jurisdiction of the Petition for Special Action and directed Court Commissioner Henry F. Sill to grant the guardianship requested in Cause No. P 120074, In the Matter of the Guardianship of Deborah Leah Bedker, a minor. It was indicated that a written opinion would follow.

The commissioner, after a hearing, made the following Findings of Fact:

"1. That DEBORAH LEAH BEDKER is an unmarried minor, born August 17, 1962.

"2. That no guardian has been appointed by a Will or by Order of any Court and that no other proceedings for the appointment of a guardian are pending in any other Court.

"3. That the minor resides in Maricopa County in the care and custody of her maternal grandparents, MR. and MRS. HAROLD STANSELL, SR., at 2571 North Saratoga, Tempe, Arizona.

"4. That DEBORAH LEAH BEDKER'S natural mother, JACQUELINE S. JOACHIM, although unable to attend the proceedings, demonstrates by her affidavit her desire that MR. and MRS. HAROLD STANSELL, SR., be appointed guardian of her daughter.

"5. That her natural father is deceased.

"6. That while the mother has consented to this guardianship and the father is deceased, the Court finds that the consent of the mother is not a termination by circumstances or prior Court order.

"7. That MR. and MRS. HAROLD STANSELL, SR. are fit, proper and qualified individuals to serve as guardians.

"8. That this Probate Court does not have jurisdiction to appoint a guardian in this matter due to its finding # 6 and therefore, this Court's decision did not reach the issue of whether this guardianship would be in the best interests of the minor."

Special action relief was sought from the court's findings and its ruling that the court lacked jurisdiction to order the guardianship. Finding number 6 presents the crux of the matter, and apparently the commissioner and this court interpret the controlling statute differently.

A.R.S. § 14–5204 in pertinent part states:

"The court may appoint a guardian for an unmarried minor if all parental rights of custody have been terminated or suspended by circumstances or prior court order. . . ."

It is apparent to us that the parental rights of the mother have been "suspended by circumstances" which fulfills the requirements of the statute. A child over the age of 14 years whose father is deceased, and who is not welcome in the maternal home with a stepfather, surely can, with

her mother's consent, claim the bounty of loving grandparents.

In oral argument, without contradiction from respondent's attorney, the petitioner's counsel enlarged upon the few bare facts presented in the record by indicating that the child, because of conflict with her stepfather, could not remain in her mother's home. Her presence there made things more difficult for the mother who was ill. This certainly indicates circumstances sufficiently evident to evoke a permissive suspension of the mother's parental rights.

The county attorney, in defending the respondent's position, paints a picture of hundreds of parents turning over to grandparents the responsibility of rearing children. This surely evokes the query: what's new? This has gone on since time immemorial.

Nor are we persuaded that our Arizona school system will be inundated by children escaping to their grandparents in the sun.

Incidentally, grandparents pay school taxes too. If this becomes critical, the legislature in its wisdom can change the wording of the statute.

We have examined *McNeal v. Mahoney*, 117 Ariz. 543, 574 P.2d 31 (1977), and *Morales v. Glenn*, 114 Ariz. 327, 560 P.2d 1234 (1977), and find nothing therein in conflict with our ruling here. In both cases a parent opposed the guardianship proceedings instituted by grandparents.

Relief granted.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concur.