858 P.2d 689

In the Matter of the GUARDIANSHIP OF Joseph MIKRUT and Jason Mikrut, Minors.

Debra Brunnemer BRADBURY, Petitioner–Appellant,

v.

Nancy CHARLEBOIS, Guardian of Minor Children, Respondent–Appellee.

No. 1 CA–CV 91–0280.

Court of Appeals of Arizona, Division 1, Department C.

Sept. 9, 1993.

Snell & Wilmer by Patrick X. Fowler, Cynthia D. Starkey, Phoenix, for petitioner-appellant.

Burch & Cracchiolo, P.A. by Eve Parks, Phoenix, for respondent-appellee.

## OPINION

GARBARINO, Presiding Judge.

Debra Brunnemer Bradbury appeals from the probate court's denial of her petition to discharge appellee Nancy Charlebois as guardian of Bradbury's children Joseph and Jason. We reverse.

The guardianships were established because Bradbury's finances and living arrangements were in a state of flux and the natural father was unable to care for the children. Charlebois filed guardianship petitions on preprinted forms completed without the assistance of an attorney. She requested that she be appointed guardian on behalf of each child. Bradbury's only participation was to sign a preprinted form entitled "Waiver of Notice." Bradbury testified that she believed the guardianship to be temporary, while Charlebois testified that she believed the guardianship to be permanent.

There was no finding by any court of circumstances warranting the termination or suspension of Bradbury's parental rights. The petitions merely recited that the best interests of the children required the appointment of a guardian because "[a]s per mother's request, children are now living with [Charlebois]; therefore it is necessary for me to be appointed guardian so I may deal with any and all situations that may occur." The preprinted "Waiver of Notice" executed by Bradbury requested that the court "grant the relief sought by the document." We must determine if Bradbury's withdrawal of her consent and her request to discharge Charlebois as guardian are sufficient to terminate the guardianships.

We hold that a guardianship which is established based only on the consent of a parent can be terminated by the withdrawal of that consent.

### DISCUSSION

Bradbury first argues that the court's order appointing Charlebois as permanent guardian of the children is invalid for lack of subject matter jurisdiction. She asserts that because her parental rights were not terminated or suspended by circumstances or court order as required by Arizona Revised Statutes Annotated (A.R.S.) section 14–5204 (1975), the superior court did not

have jurisdiction to appoint a permanent guardian for her children.

■ Bradbury was not represented by an attorney in the trial court proceedings and did not raise this issue below. However, subject matter jurisdiction cannot be waived and may be raised at any stage of the proceedings. *Swichtenberg v. Brimer,* 171 Ariz. 77, 82, 828 P.2d 1218, 1223 (App. 1991).

The statutory provision at issue is the first sentence of A.R.S. section 14-5204, which reads, "The court may appoint a guardian for an unmarried minor if all parental rights of custody have been terminated or suspended by circumstances or prior court order." We must determine if the probate court has jurisdiction to appoint a guardian when the custodial rights of the natural parent have not been terminated or suspended. In the recent case of *Porter v. Estate of Pigg,* 175 Ariz. 194, 854 P.2d 1180 (App.1993), *aff'd,* 175 Ariz. 303, 856 P.2d 796 (S.Ct.1993), the trial court failed to dispose of the Porters' community property prior to entering a dissolution decree. Although we found this to be error, we held that the error did not make the dissolution decree "void," but only made it subject to correction by a timely appeal. *Id.* 175 Ariz. at 196–197, 854 P.2d at 1182–83.

■ Following this reasoning, the appointment of a guardian when Bradbury's parental custody rights allegedly had not been terminated or suspended may have been error, but the court still had jurisdiction to appoint a guardian. The order appointing Charlebois as guardian was not void for lack of jurisdiction but was only arguably erroneous. Because Bradbury did not appeal from the order, she cannot now collaterally attack it. *Id.*

Bradbury next asserts that the relationship between a parent and child is a fundamental, constitutionally protected right and the resulting presumption favoring parental custody can only be overcome by clear and convincing evidence. She argues that the factors listed in A.R.S. section 8-533(B)(1989) for terminating parental custody are not present in this case. Therefore, she argues, the trial court erred by denying her petition to terminate the guardianship.

■ Because we hold that the probate court had jurisdiction to enter the guardianship order, Charlebois is presumed to be properly appointed, and the guardianship termination question is governed by A.R.S. section 14-5212 (1975). Subsection (A) of this section provides, in relevant part, that "[a]ny person interested in the welfare of a ward ... may petition for removal of a guardian on the ground that removal would be in the best interests of the ward." A.R.S. section 14-5212(B) provides that "[a]fter notice and hearing on a petition for removal ..., the court may terminate the guardianship and make any further order that may be appropriate." Under the terms of section 14-5212(B) the fitness of the natural parent is not an issue in removal and termination proceedings unless it impacts the best interests of the child.

The record reflects that Bradbury's parental rights have never been terminated. Because there was no termination of Bradbury's parental rights, we conclude that the appointment of the guardian was based upon Bradbury's consent to give the guardian only temporary custody of her children. The court accepted the consent of the natural parent as a substitute for suspension by circumstances pursuant to A.R.S. section 14-5204.

Suspension by circumstances under A.R.S. section 14-5204 is not explained in Arizona statutory law. Section 14-5204 does not indicate what constitutes suspension by circumstances, how long a suspension lasts, or how parental custody rights can be reinstated after they are suspended by circumstances.

Although suspension by circumstances is not defined by statute, case law provides examples of its application. In *Stansell v. Maricopa County Super. Ct.,* 125 Ariz. 82, 607 P.2d 959 (1980), the supreme court concluded that the parental rights of the mother had been suspended by circumstances because the child, who was over age 14, was not welcome in the maternal

home with a stepfather, the child's father was deceased, she was residing with her maternal grandparents, and the mother consented by affidavit to the appointment of her parents as her daughter's guardians. Similarly, in *In re Guardianship of Cruz*, 154 Ariz. 184, 741 P.2d 317 (App.1987), the appellate court upheld the trial court's finding that the parental right of custody had been suspended by circumstances based on the parents' written consent to the appointment of a guardian which the parents were not contesting or attempting to withdraw.

In *McNeal v. Mahoney*, 117 Ariz. 543, 574 P.2d 31 (1977), the supreme court found that the requisite circumstances to suspend parental rights were not present. There, the divorced father's parents cared for his child until he could establish a new residence and employment. They refused to return the child to him upon request and sought court appointment as temporary guardians of the child. The supreme court held that because the father's custody rights had not been terminated and his conditional delivery of his child to his parents did not operate to suspend his rights by circumstances, the trial court did not have authority to appoint even a temporary guardian for the child. *Id.* at 547, 574 P.2d at 35.

 When, as in this case, a guardianship is based on parental consent and that consent is withdrawn due to the parent's changed circumstances, the probate court's refusal to terminate the guardianship may operate as a *de facto* termination of the parent's parental rights.

 We believe the probate court lacks jurisdiction to effect a *de facto* termination of the parent-child relationship. Although guardianship proceedings in Arizona are heard in probate court, the juvenile court has exclusive jurisdiction over petitions to terminate the parent-child relationship. A.R.S. § 8–532 (1989); *Morales v. Glenn*, 114 Ariz. 327, 330, 560 P.2d 1234, 1237 (1977). Parents have a fundamental liberty interest in the care, custody, and management of their children. *Stewart v. Maricopa County Super.Ct.*, 163 Ariz. 227, 229, 787 P.2d 126, 128 (App.1989) (cit-

ing *Santosky v. Kramer*, 455 U.S. 745, 753, 102 S.Ct. 1388, 1394, 71 L.Ed.2d 599 (1982)). *See also Maricopa County Juv. Action No. JA 33794*, 171 Ariz. 90, 91, 828 P.2d 1231, 1232 (App.1991). The *Stewart* court, in *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972), said "a state may not presume the unfitness of a parent, but instead must provide individualized procedural safeguards (notice, hearing, and proof of unfitness) before the state can terminate parental rights." *Stewart*, 163 Ariz. at 229, 787 P.2d at 128. Proof of parental unfitness must be supported by clear and convincing evidence. *Id.* (citing *Santosky*, 455 U.S. at 769, 102 S.Ct. at 1403).

 Parental rights cannot be suspended indefinitely without either the consent of the parent or court-ordered termination or suspension following the procedural safeguards required under *Stanley*. The grounds that govern termination of the parent-child relationship are specified in A.R.S. section 8–533(B). *Juv. Action No. JA 33794*, 171 Ariz. at 92, 93–94, 828 P.2d at 1233, 1234–35. The parent-child relationship cannot be terminated merely because termination may be in the best interests of the child. *Juv. Action Nos. A–23498 and JS–2201*, 120 Ariz. at 84, 584 P.2d at 65. *See also LeRoy v. Odgers*, 18 Ariz.App. 499, 501, 503 P.2d 975, 977 (1972). For that reason, a decision to continue a guardianship that effectively terminates parental rights cannot be made solely on the basis of the best interests of the child. *See Maricopa County Juv. Action Nos. A–23498 and JS–2201*, 120 Ariz. 82, 84, 584 P.2d 63, 65 (App.1978).

 Because a guardianship based on parental consent does not terminate the parent-child relationship, the basis for the guardianship terminates once the consent has been withdrawn. A probate court cannot then rely on findings regarding the best interests of the child to construe the guardianship.

Determining whether a guardianship based on consent should be continued based on the best interests of the child

**548**

likely would mean that children would seldom be returned to the parent seeking custody. When a child lives and becomes established in a home, neighborhood, and school, barring any abuse in the home of the guardian, it would likely be best for the child to remain with the guardian in the familiar environment. While this may be acceptable when the parent-child relationship has been terminated or suspended after appropriate court proceedings, it certainly raises due process concerns for a parent who consented to the appointment of a guardian due to circumstances that have changed by the time the parent seeks termination of the guardianship.

The inequities of continuing a guardianship where the parent has withdrawn consent are particularly evident here. The only possible justification for the court's order appointing the guardian was the belief that Bradbury's parental rights were suspended by her execution of the waiver of notice form. The record does not contain facts supporting suspension of Bradbury's parental rights by circumstances.

We hold that where a guardianship is based on the parent's consent, the proper procedure upon the parent's withdrawal of consent is for the probate court to terminate the guardianship. If the guardian believes the parent to be an unfit parent, he or she can petition the court pursuant to A.R.S. section 8–533 to terminate or suspend the parent-child relationship.

## CONCLUSION

We reverse the probate court's order denying Bradbury's petition to terminate Charlebois' guardianship of Bradbury's sons and remand for proceedings consistent with this opinion.

McGREGOR and NOYES, JJ., concur.