## WILLIAMS *et al.* v. HICKS.

This was a habeas-corpus case; and the evidence upon the controlling issue being conflicting, the discretion of the court in awarding the minor child to the applicant will not be disturbed.

No. 1196.  SEPTEMBER 3, 1919.

Habeas corpus.    Before Judge Bartlett.    Haralson superior court.    June 14, 1918.

In March, 1918, L. H. Hicks brought his petition for habeas cor-

pus against J. S. Williams and Mrs. Mollie Williams, his wife, to recover custody of the minor son of petitioner, the child then being about 13 or 14 years of age. In 1909, when the child was three years of age, Hicks brought his petition for habeas corpus against the same defendants, alleging that he had the right to the possession and custody of the child, and that the defendants were wrongfully witholding custody. When that petition came on for trial, in January, 1910, the court hearing the application refused to order the defendants to deliver custody of the child to the applicant. There was no express adjudication upon the issue raised in the answer of the defendants wherein they had alleged that the applicant had lost parental control of the child and had given the child and control over him to the defendants; but the court merely ruled that upon considering the evidence in the case it was adjudged that the custody of the infant child, William Hicks, should be awarded to the defendants; and it was also ordered that the child should not be carried beyond the jurisdiction of the court, and that when he should have arrived at such age that he should enter school, this judgment might be reviewed and the proper custody of the child reconsidered. It was expressly stated in the judgment that the same was not final. The judgment also made provision for the father's seeing the child at stated intervals. This judgment was excepted to by the applicant and brought for review by writ of error to this court, and the judgment of the court below was affirmed. Again, in the year 1914, the plaintiff in the present case made application for the writ of habeas corpus to secure the custody of the same child, the same parties being named as defendants in this second application. When this application last referred to came on for a hearing, after hearing the evidence the court rendered judgment holding that, "upon a consideration of the law and facts as presented, I do not find that at this time there exist sufficient reasons to modify or change said order as prayed for, and said petition is denied." The defendants continued to retain custody of the child until the filing of the petition in the case now under consideration.

*I. N. Cheney, M. J. Head,* and *Edwards & Weatherly,* for plaintiffs in error.

*J. Mallory Hunt* and *George P. Whitman,* contra.

BECK, P. J. (After stating the foregoing facts.) Upon the hearing the court awarded the custody of the child to the father.

To this order the defendants excepted and by writ of error brought it here for review.

There is no merit in the contention that the prior orders in the case adjudicated finally the right of the defendants to the continued custody of the minor, William Hicks. There is nothing in the judgment passed on the two former hearings to indicate that the court finally passed upon the contention of the defendants that parental control had been expressly surrendered by the applicant. It is apparent, from a reading of the judgments passed at the two former hearings, that the court intended that the question of the custody of the child, when it should arrive at an age making it proper that he should be sent to school, be left open. It is inferable from the terms of the order that the court did not think that a preponderance of the evidence showed that parental control had been surrendered permanently. At any rate the court was not concluded upon this question as against the applicant; and there was evidence submitted at the last hearing which would authorize the court to find that parental control had not been surrendered and lost by the father; and there was evidence adduced to show that the father was the proper custodian of the child at the age attained by the boy when the last application was filed, his age then rendering it the duty of the custodian to send him to school. So, without reference to the question as to whether that part of the court's order containing the inhibition against the removal of the child from the jurisdiction of the court was violated or not, the court was fully authorized to find in favor of the applicant upon the controlling issues in the case; and the court having so found, his judgment will not be disturbed.

*Judgment affirmed. All the Justices concur.*