### BROOKS v. ISABEL.

BECK, P. J.   Under all the facts and circumstances submitted at the hearing of this case, it does not appear that there was an abuse of discretion on the part of the court in awarding the custody of the minor child to the maternal grandparents, the defendant's parents.

*Judgment affirmed.   All the Justices concur.*

No. 2007.   DECEMBER 15, 1920.

Habeas corpus.   Before Judge Nunnally.   City court of Floyd county.   March 3, 1920.

The father of a girl of ten years (the mother being dead) sought to recover her custody from her aunt, who, disclaiming right of custody in herself, answered that the child was temporarily living with her at the instance of the child's maternal grandparents (who claimed the right of custody), in order that the child might, during the winter, be conveniently near to a good school that she attended; the grandparents residing in the country, where they were engaged in farming.   The child's father resided with his unmarried brother and two unmarried sisters in a manufacturing suburb of the city of Rome.   He introduced testimony of his ability to support the child and of his good reputation, etc. There was testimony, somewhat conflicting, of his ill treatment and neglect of his wife and of the child, from the child's infancy until the wife's death; he contending that he was not allowed to live with and support them.   It appeared that the grandparents were well able to educate, maintain, and care for the child properly, and were willing and anxious to continue so doing; and that the child stated to the court, when questioned, that she desired to remain with her grandparents, and that she had never really known her father.   The trial judge, in deciding the case, was of the opinion, that, if the plaintiff had not forfeited his right to the custody by failure and refusal to contribute to the support of the child for about eight years, it was for the best interest of the child, in view of all the facts and circumstances, that she be placed in the custody of her maternal grandparents. It was so ordered; and the plaintiff excepted.   Counsel cited, among other cases, *Miller* v. *Wallace, 76 Ga.* 479; *Sloan* v. *Jones,* 130 *Ga.* 836; *Walker* v. *Jones,* 1 *Ga. App.* 70.

*W. B. Mebane,* for plaintiff.   *C. I. Carey,* for defendant.