## BISHOP *v.* GIBSON *et al.*

1. Under the Civil Code (1910), § 3021, until majority a child remains under the control of the father, who is entitled to his services and the proceeds of his labor. This parental power may be lost, among other ways, by the failure of the father to provide necessaries, and by cruel treatment of the child.

2. Under all the facts and circumstances submitted on the trial of this case, the court did not abuse his discretion in awarding the custody of the child to the maternal grandfather, instead of to the father.

No. 4000. APRIL 21, 1924.

Habeas corpus. Before Judge J. B. Jones. Habersham superior court. August 31, 1923.

*B. L. Milling* and *W. S. Erwin,* for plaintiff.

*Robert McMillan,* for defendants.

HILL, J. This is a habeas-corpus case in which C. A. Bishop seeks to recover possession of his child, J. C. Bishop, of the age of five and a half years, of J. J. Gibson, the child's grandfather, and J. H. Gibson, an uncle, who refuse to deliver the custody of the child to the plaintiff. In his answer J. J. Gibson admits that the child is in his custody and control at his residence in Habersham County. J. J. Gibson also avers that the plaintiff is not a proper person for the custody of the child; that the plaintiff has mistreated the child, and has objected to his receiving proper moral and spiritual training; that "he is a violator of the law, sells whisky, drinks whisky, gambles; he has married a young girl, who is now only seventeen years of age, and who is incapable of properly caring for and training said child, and is guilty of maintaining a disorderly house." Plaintiff has not kept the child properly clothed and nourished and has neglected him outrageously. Respondent and his wife love the child, and are in good

financial condition to support, maintain, and educate him and to throw around him the best of moral and spiritual influences, and to give him a good education, and they are anxious to do all of these things for him. The welfare of the child demands that he be remanded to the custody of respondent and his wife. On the deathbed of the mother of the child she requested that respondent and his wife keep him and care for him. Plaintiff, by the acts hereinbefore mentioned, has forfeited his right to the custody and care of the child; and furthermore, he assented to J. J. Gibson's taking the custody of him, and stated that he had wished lots of times that he had never taken the child away from J. ·J. Gibson.

On the trial of the case there was much evidence as to the unfitness of the father to have the care and custody of the child. There was also a good deal of evidence as to the good character of the father, and of his being a proper person to have the care and custody of his minor son. The undisputed evidence was that the grandfather and grandmother of the child were proper persons to have charge of their grandson, and that they were financially able to maintain, educate, and bring up the child amid proper surroundings. There was also evidence tending to show that the father was cruel to the child, and that the father failed to provide necessaries for him. One witness for the defendant, with whom the plaintiff and the minor boarded, testified: "From what I know of him, I do not regard him as a proper person to raise this child. He was always mean to it. It would be sick, and he would whip it because it would vomit on him. When it was sick and cried for water at night he would not get it any, and my husband would have to get it. He would not get any medicine, and I would have to get it when he was sick."

Under the Civil Code (1910), § 3021, until majority, the child remains under the control of the father, who is entitled to his services and the proceeds of his labor. This parental power is lost, among other ways, "by failure of the father to provide necessaries for his child," or, "by cruel treatment of the child." Under all the facts and circumstances of this case, as disclosed by the record, we are of the opinion that the court below did not abuse his discretion in awarding the custody of the child to its maternal grandfather. See *Brooks* v. *Isabel,* 150 *Ga.* 727 (105

S. E. 483) ; *Smith* v. *Bragg, 68 Ga.* 650; *Weathersby* v. *Jordan, 124 Ga.* 68(2) (52 S. E. 83).

*Judgment affirmed. All the Justices concur, except Atkinson, J., dissenting.*