## JACKSON *v.* JACKSON.

ATKINSON, Justice. 1. In a habeas-corpus proceeding instituted by a mother for custody of her minor child (a boy eleven years of age) against his paternal grandfather (the father of the child being dead), the judge did not err in refusing to allow the mother of the child to testify "that a grown son of said Pone Jackson [the grandfather], living there on the place with said defendant at this time, was immoral and was a criminal character." The proposed testimony was not offered for the purpose of impeachment, but was a mere statement of opinion or conclusion of the witness on the merits of the case, without stating the facts on which the opinion was based. If it had been desired to state the facts on which the opinion was based, they should have been stated to the court at the time the testimony was offered.

2. "In all writs of habeas corpus sued out on account of the detention of a wife or child, the court, on hearing all the facts, may exercise his discretion as to whom the custody of such wife or child shall be given, and shall have power to give such custody of a child to a third person." Code of 1933, § 50-121. On the conflicting evidence as to a gift of the child by his mother to his grandfather, and the physical condition of the mother and inability to care for the child, and the ability of the grandfather to support and care for the child, affording him a good home and the advantages of school, the judge did not err in finding in favor of a gift, and also, regarding the best interest of the child, in awarding the custody to his grandfather.

*Judgment affirmed. All the Justices concur.*

No. 10921. MARCH 12, 1936.

*Joseph P. Brown* and *E. Lloyd Lewis,* for plaintiff.
*J. S. Callaway* and *Miles W. Lewis,* for defendant.