BUTTS *et al. v.* GRIFFITH *et al.*

ATKINSON, Presiding Justice.   Habeas corpus for custody of a girl three and one-half years of age was instituted by the parents of the child against a man and his wife, who were unrelated to the child and were not claiming custody in virtue of any gift or contract with her parents, but claiming the right to such custody on the ground that when the child was four months old she was seriously burned by fire and was in a destitute condition, and under such circumstances they cared for and provided for her by consent of her parents up to the time of institution of the proceeding, and on the ground that the parents then living together were not fit persons to rear the child.   To the judgment of the court awarding custody of the child to the respondents the petitioners excepted.   *Held:*

1. An exception to admission of certain documentary evidence, which states that it was admitted "over objection" of the petitioners, without stating any ground of such objection and that such ground of objection was stated to the judge at the time the evidence was offered, is insufficient to present any question for decision. *Perdue* v. *Young,* 154 *Ga.* 220 (113 S. E. 801); *Williams* v. *State,* 186 *Ga.* 251 (4), 259 (197 S. E. 838). See *Eastmore* v. *Bunkley,* 113 *Ga.* 637 (39 S. E. 105).   This ruling disposes adversely to the plaintiffs in error of their complaints of the admission of documentary evidence, as shown in the bill of exceptions.

2. "While the judge, upon a hearing of a writ of habeas corpus for the detention of a child, is vested with a discretion in determining to whom its custody shall be given, such discretion should be governed by the rules of law, and be exercised in favor of the party having the legal right, unless the evidence shows that the interest and welfare of the child justify the judge in awarding its custody to another." *Code,* § 50-121; *Sloan* v. *Jones,* 130 *Ga.* 836 (62 S. E. 21); *Harwell* v. *Gay,* 186 *Ga.* 80 (196 S. E. 758); *Brooks* v. *Isabel,* 150 *Ga.* 727 (105 S. E. 483); *Awtrey* v. *Awtrey,* 164 *Ga.* 69 (2) (137 S. E. 760); *Proctor* v. *Proctor,* 164 *Ga.* 721 (2 *a*) (139 S. E. 531); *Jackson* v. *Jackson,* 182 *Ga.* 131 (2) (185 S. E. 89).

(*a*) The above quoted decision as the instant case did not involve rivalry between parents as to custody of their child, as contemplated in the act of 1913 (Ga. L. 1913, p. 110, Code, § 74-107).

(*b*) Under the evidence the judge was authorized to find that it was to the best interest and welfare of the child to be left in the custody of the

respondents; and under the peculiar facts of the case as to character and conduct of the mother of the child, condoned by the father, and their continued living together, the judge did not abuse his discretion in awarding custody of the child to the respondents.

(c) On its facts the case is stronger for exercise of discretion than *Bishop* v. *Gibson*, 158 *Ga.* 149 (123 S. E. 125), in which the writer dissented.        *Judgment affirmed. All the Justices concur.*