FOWLER *v.* FOWLER.

ATKINSON, Presiding Justice. 1. "While the judge, upon a hearing of a writ of habeas corpus for the detention of a child, is vested with a discretion in determining to whom its custody shall be given, such discretion should be governed by the rules of law, and be exercised in favor of the party having the legal right, unless the evidence shows that the interest and welfare of the child justify the judge in awarding its custody to another." *Butts* v. *Griffith,* 189 *Ga.* 296 (2) (5 S. E. 2d, 907), and cit.; Code, § 50-121.

2. Under the evidence, which showed that the grandparents had taken care of the child since he was eighteen months old; that the father had served a term in the chain-gang for abandonment, and that he was separated from his second wife who had sued him for divorce and recovered a judgment awarding her alimony of $20 a month, none of which had been collected, the judge was authorized to find that it was to the best interest and welfare of the child to be awarded to the grandfather; and though the evidence was conflicting as to whether the father parted with parental custody, and as to whether he contributed to the support of the child, it can not be held that the judge abused his discretion in awarding custody of the child to the grandfather.

*Judgment affirmed. All the Justices concur.*

No. 13194, JUNE 12, 1940,

*George L. & Carter Goode,* for plaintiff in error.
*B. F. Davis,* contra.