### HARTER *v.* DAVIS.

DUCKWORTH, Justice. The petitioner sought an injunction against the defendant, her daughter-in-law, to prevent her from interfering with the petitioner's custody of three children of the defendant and the petitioner's son until the further order of the court, and praying that the custody of the children, aged 16 months, 3 years, and 5 years, respectively, be awarded to the petitioner upon the ground that the mother was an unfit person to have their custody. Upon the hearing there

504

was no evidence as to any attempt or threat by the defendant to forcibly obtain the children, and the court ruled that the question of injunction was moot. There was evidence to the effect, that the defendant's husband, having been informed that his wife was living with another man, and being about to sail from New York for overseas duty with the armed forces of the United States, wrote an aunt that, if the report made to him be true, he desired that the aunt and the petitioner, his mother, obtain the three children and that the petitioner keep them; that shortly thereafter the defendant and the other man were found, about 2:30 in the morning, in a cabin in the country under circumstances from which an inference could reasonably be drawn that they had been engaged in illicit relations; that they were forthwith arrested by two deputy sheriffs under a warrant, and the petitioner, the aunt, and their brother thereupon went to a home near by that of the defendant and found the children there asleep with no one else present except some children, and that the petitioner took them in custody. The court awarded the custody of the baby to the mother and the custody of the other two children to the petitioner until the further order of the court. The defendant excepted. *Held:*

1. While the judge in awarding the custody of a child is vested with a wide discretion, such discretion should be governed by the rules of law, and, in a case where as here rivalry between parents for the custody of a child is not involved, should be exercised in favor of the party having the legal right, unless the evidence shows that the interest and welfare of the child justify the judge in awarding its custody to another. Code, § 50-121; *Butts* v. *Griffith,* 189 *Ga.* 296 (2) (5 S. E. 2d, 907); *Fowler* v. *Fowler,* 190 *Ga.* 453 (9 S. E. 2d, 760); *Shope* v. *Singleton,* 196 *Ga.* 506 (2) (27 S. E. 2d, 26).

2. Under the evidence, the judge was authorized to find that it was to the best interest and welfare of the two children, aged 3 years and 5 years, respectively, that they be left in the custody of the petitioner, and no abuse of discretion is shown in awarding them to her.

*Judgment affirmed. Bell, C. J., Jenkins, P. J., Atkinson and Wyatt, JJ., concur.*

No. 15219. JULY 3, 1945.

*H. H. Elders,* for plaintiff in error. *P. M. Anderson,* contra.