DORNBURG *v.* McKELLAR.

WYATT, Justice. In a contest between a parent and a third party over the custody of a child, the first question to be determined is whether or not the parental control of the child has been lost by the parent. Unless such parental control has been lost, the parent has a prima facie right of custody. By the Code, § 74-108, it is provided, among other things, that parental control may be lost by "cruel treatment of the child." In the instant case there was evidence tending to show that the stepfather of the child often came home drunk and administered severe beatings to the child; that on the last occasion he administered such a beating, the mother of the child was also beaten and swore out a warrant for

assault and battery against the stepfather; that the mother of the child called her sister to come to her home and get her and the child; that the mother of the child stayed away from her husband about a week, then returned and continued to live with him, and later sought to obtain custody of the child from its uncle, where it had been staying since leaving the home of its stepfather. The child expressed a desire to remain with its uncle. The court was authorized by the evidence to adjudge that the mother, by continuing to live with her husband, the stepfather of the child who while drunk unreasonably beat the child, condoned the cruel treatment by the stepfather; and such cruel treatment was imputable to the mother, who had thereby forfeited her right to parental control of the child. In view of the preceding ruling, and there being evidence which showed the fitness of character of the child's uncle, his ability to provide for the child, and that the child desired to remain with the uncle, the trial judge did not abuse his discretion in denying the petition of the mother and in awarding the child to its uncle. See *Turpin* v. *Brown*, 170 *Ga.* 824 (154 S. E. 356).

*Judgment affirmed. All the Justices concur, except Bell, J., absent on account of illness.*

No. 16222.   July 14, 1948.   Rehearing denied July 28, 1948.

*W. A. Slaton,* for plaintiff.
*Earle Norman,* for defendant.