CAMP *v.* BOOKMAN *et al.*

No. 16443.   January 11, 1949.

*Robert Y. Dewar*, for plaintiff.

*Franklin, Eberhardt & Barham*, for defendants.

CANDLER, Justice. (After stating the foregoing facts.) The present case involves a contest between a mother and third parties over the custody of a minor child. The father admits that he relinquished all of his parental rights to the third parties. It is conceded by counsel for all of the parties, and abundantly shown by the evidence, that the father is not a proper person to have custody of the child. Serious charges are made against the mother's character and her ability to properly care for the child, but upon this issue the evidence is conflicting. No attack

is made upon the character, ability, or fitness of the respondents. It is shown without question that they took the child by gift from her father; that they have given her a good home; that they are people of excellent character; and that they are amply able financially to properly rear and educate her, and are willing and anxious to do so. The trial judge found from the evidence that the mother had lost her parental rights, and that the interest and welfare of the child would be best served by awarding her custody to the respondents. His judgment making such a disposition of the child in question is here for review, and with a sense of unusually deep responsibility we approach a consideration of the case. Our decision, as we well know, will affect vitally the life of an innocent, helpless human being  In fact, who knows but that it may determine the destiny of the little girl involved?  As parens patriæ we are concerned primarily with the welfare of the unfortunate child concerning whom this legal battle is being waged. The best that may be done for her under the circumstances will be far less than she is entitled to.  In the view we have of the case, it is not at all necessary to enter into any extended effort to determine from the great mass of conflicting evidence in this record which of the parents last had a legal right to her custody and control.  It is enough to say that by the Florida decree respecting the child the mother for the time being was awarded custody of her to the exclusion of the father, and that the trial judge was fully authorized to find from the evidence that she later voluntarily returned the child to the custody and control of the father, who subsequently gave her to the respondents. We shall, therefore, deal with the child as having the status of one whose parents are separated, divorced from each other, and both married again.

"In cases of separation of the parents, or of the death of one and the subsequent marriage of the survivor, the court, upon writ of habeas corpus, may exercise a discretion as to the possession of the child, looking solely to his interest and welfare." Code, § 74-106. "In all writs of habeas corpus sued out on account of the detention of a wife or child, the court, on hearing all the facts, may exercise his discretion as to whom the custody of such wife or child shall be given, and shall have power to give such custody of a child to a third person." § 50-

121. While the judge, upon a hearing of a writ of habeas corpus for the detention of a minor child, is vested with a discretion in determining to whom the custody shall be given, such discretion is not, however, free or arbitrary, but is to be governed by the rules of law, and should be exercised in favor of the party having the legal right, unless the evidence shows that the interest and welfare of the child justifies the judge in overriding the rights of the person holding the legal claim. *Miller* v. *Wallace*, 76 *Ga.* 479 (2 Am. St. R. 48); *Williams* v. *Crosby*, 118 *Ga.* 298 (45 S. E. 282); *Butts* v. *Griffith*, 189 *Ga.* 296 (5 S. E. 2d, 907); *Shope* v. *Singleton*, 196 *Ga.* 506 (27 S. E. 2d, 26); *Harter* v. *Davis*, 199 *Ga.* 503 (34 S. E. 2d, 657); *Lucas* v. *Smith*, 201 *Ga.* 834 (41 S. E. 2d, 527). In *Williams* v. *Crosby*, supra, the court said: "In a contest between two parties, both of whom are fit and proper persons, the one having the legal right should prevail. If both are proper parties, but neither has a legal right, the one having the strongest moral claim should prevail. But in every case, regardless of the parties, the welfare of the child is the controlling and important fact. This is not intended to nullify the laws of nature; for in most instances it will be found that the legal right of the parent and the interest of the child are the same. But if through misconduct or other circumstances it appears that the case is exceptional, and the welfare of the child requires that it should be separated even from its parents the parens patriæ must protect the helpless and the innocent. They are the wards of the court, the hope of the state and the seed corn of the future."

As we have previously pointed out, the father disclaims any right to the custody of his child. Clearly by his contract with the respondents he relinquished to them all of his parental authority. But what is the mother's status? We have recently held in *Hill* v. *Rivers*, 200 *Ga.* 354 (37 S. E. 2d, 386), that, if either parent is a proper and suitable person and has not surrendered his or her parental right of custody, it is an abuse of discretion to award a minor child to third parties over the claim of such a parent. In the present case respecting the mother's claim, there being evidence tending to show her abandonment of the child in question, that she is personally not a suitable person to have possession of the child, and that her present hus-

band's home is not a proper place for the child, the judge was fully authorized to find, as he did, that the interest and welfare of the child would be best served and promoted by awarding her custody and control to the respondents, who admittedly are people of unquestionable character, able and willing to properly rear and educate her, and who for a considerable time prior to the institution of this proceeding had been doing so. In these circumstances, no abuse of discretion is shown, and the judgment complained of is not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur. Duckworth, C. J., and Atkinson, P. J., concur in the judgment only.*