BYERS *et al. v.* LOFTIS.

WYATT, Justice. W. R. Byers and Louise Byers, plaintiffs in the court below and plaintiffs in error in this court, brought habeas corpus proceedings in the City Court of Gwinnett County against Mrs. H. W. Loftis, seeking the custody of Martha Sue Byers, a minor ten years of age, the child of the petitioners. At the trial of the case, the uncontradicted evidence showed that the child was the child of the petitioners, and that the respondent was not related to her; that the child had lived with the respondent since she was 11 months old, attends school regularly, and has done exceptionally well in school; that she has received excellent care; and that both parties were fit and proper persons to have the custody of the child and were financially able to care for her. As to all other material matters, the evidence was in sharp conflict. The judge was, however, authorized to find: that the petitioners lived in an apartment in the respondent's home at the time the child whose custody is involved in this action was born; that the petitioners had two older children; that, just before the child here involved was born, Mrs. Byers stated that this was an unwanted child; that, after the child was born, the father had abused her; that about 1942, some eleven months after the birth of the child, both parents left their home together without notifying anyone of their intention to do so, leaving the child here involved and a small boy, who was somewhat older, in the apartment alone; that the

respondent took both of them and cared for them; that the father went to New York to work, and the mother went to Atlanta, taking an older daughter with her, and went to work there; that a short time later, the mother brought the older daughter back to the respondent and left her there; that the respondent cared for all three of the children until 1944, when the petitioners came and took the two oldest children to Atlanta, where they provided a home for them; that the petitioners did not pay Mrs. Loftis anything to keep the children, or provide the necessaries for them. The child testified that she was happy and desired to remain with the respondent, and that the home of the respondent was the only home she had ever known. At the close of the evidence, the judge of the court below awarded custody of the child to the respondent. The exception here is to that judgment. *Held*:

1. When there is a contest between a parent and a third party over the custody of a minor child, the first question to be determined is whether or not parental control has been lost by the parent. Parental control may be lost for any of the six reasons provided in Code § 74-108. It may also be lost, under Code § 74-109, if the parent is guilty of cruel treatment of the child, and, as to a child under 12 years of age, parental control may be lost, under the provisions of Code § 74-110, if the child becomes destitute, or is being reared under immoral influences. The reasons why parental control will be deemed to have been forfeited under § 74-108 are, among others, that the parent has released his control to a third person by contract; that the parent failed to provide the child with necessaries, or that the child was abandoned; and that the parent is guilty of cruel treatment of the child. In the instant case, the evidence was in conflict as to whether any or all of the above reasons, provided in Code § 74-108, for holding that the right of parental control had been lost, were present. "Where the evidence on the controlling issue is in conflict, the discretion of the judge will not be controlled." *Shope* v. *Singleton*, 196 *Ga.* 506 (27 S. E. 2d, 26). See also *Williams* v. *Hicks*, 149 *Ga.* 333 (100 S. E. 97); *Watkins* v. *Terrell*, 196 *Ga.* 651 (27 S. E. 2d, 329); *Morris* v. *Grant*, 196 *Ga.* 692 (27 S. E. 2d, 295). In the instant case, the controlling issue was whether or not the petitioners had lost their right of parental power and control, and on that issue the evidence was in sharp conflict. The trial judge resolved that conflict against the petitioners, and awarded custody of the child to the respondent. We can not say, notwithstanding the evidence of the petitioners to the contrary, that the judge of the court below abused his discretion.

*Judgment affirmed. All the Justices concur.*

No. 17603. SUBMITTED SEPTEMBER 12, 1951—DECIDED OCTOBER 10, 1951.

*W. L. Nix*, for plaintiffs.
*R. F. Duncan*, for defendant.