18613, 18614. DAY v. HATTON et al.; and vice versa.

DUCKWORTH, Chief Justice. 1. Where the putative father of an illegitimate child sought and obtained a decree of a Tennessee court declaring him to be the father of such child and creating the relationship of parent and child between the petitioner and the child, the decree showing on its face that it was an ex parte proceeding, it will not be given effect in this State as against the mother, where she was not made a party in the proceeding, was not served, did not appear and plead, or otherwise waive service or consent to such decree or have notice thereof, as it is violative of the due-process clauses of the State and Federal Constitutions. Code (Ann.) §§ 1-815, 2-103. See also *Towns* v. *Springer,* 9 *Ga.* 130; *Mobley* v. *Mobley,* 9 *Ga.* 247; *Milner* v. *Gatlin,* 139 *Ga.* 109 (76 S. E. 860); *McAlhany* v. *Allen,* 195 *Ga.* 150 (5) (23 S. E. 2d 676).

2. Where, as here, in a contest between the admitted father of an illegitimate child and third persons, the mother being the only recognized parent (Code § 74-203), and having voluntarily released her parental right of custody and control to the third persons (Code § 74-108(1)), the discretion reposed in the trial court in a habeas corpus hearing under Code § 50-121 is not arbitrary, but should be exercised in favor of the party having the legal right unless the interest and welfare of the child justifies an award to another. *Butts* v. *Griffith,* 189 *Ga.* 296 (5 S. E. 2d 907); *Fowler* v. *Fowler,* 190 *Ga.* 453 (9 S. E. 2d 760); *Watkins* v. *Terrell,* 196 *Ga.* 651 (27 S. E. 2d 329). Therefore, since it is admitted that the defendants are fit and proper persons and they have the legal right to the child by agreement with the mother, the only recognized parent, the court did not err in awarding custody to them as against the father of the illegitimate child. *Eaves* v. *Fears,* 131 *Ga.* 820 (64 S. E. 269).

*Judgment affirmed on the main bill of exceptions; cross-bill of exceptions dismissed. All the Justices concur.*

ARGUED JUNE 16, 1954—DECIDED JULY 13, 1954.

*Augustus M. Roan, David H. Ansley,* for plaintiff in error.
*Thomas O. Davis, Owen & Bolton, Davis & Stringer,* contra.