### 21263. PORTER v. WATKINS *et al.*

DUCKWORTH, Chief Justice. 1. Where the mother and sole surviving parent of minor children brought this application for writ of habeas corpus against third parties having custody and control of the children under a court order, and a duly exemplified copy of said court order and proceedings in the Juvenile Court of Fulton County, Georgia, shows that the parents of said children had lost custody and control of them by reason of findings of neglect and unfitness to have custody, after proper service, notice and hearings in that court, the lower court did not err in remanding the custody of said children to the parties thus having legal custody. *Code* § 38-601; *Fowler v. Fowler*, 190 Ga. 453 (9 SE2d 760); *Bond v. Norwood*, 195 Ga. 383 (24 SE2d 289); *Shope v. Singleton*, 196 Ga. 506 (27 SE2d 26); *Watkins v. Terrell*, 196 Ga. 651 (27 SE2d 329); *Morris v. Grant*, 196 Ga. 692

(27 SE2d 295) ; *Camp v. Bookman,* 204 Ga. 670 (51 SE2d 391) *Byers v. Loftis,* 208 Ga. 398 (67 SE2d 118). While the mother states that the informality of the juvenile court was such that she was not aware or advised that her parental rights were severed at one of the hearings, and the record does not disclose that she was served with notice of this hearing, she admitted that she attended the hearing, and no effort was made by her to see or appeal the order. Under the law, that court had authority to sever parental rights at the first hearing when service was had on the parents, and the parents had actual knowledge of the custody of their chldren by the juvenile court for over two years and attended the various hearings, and this court can not say that there was no due process or a violation of the equal-protection clauses of the Constitutions (*Code* § 1-815; and *Code* §§ 2-102 and 2-103, Const. of 1945) in the proceedings in the Juvenile Court of Fulton County, Georgia, in which the parents lost custody of these minor children.

2. The blanket constitutional attack on the Juvenile Court Act of 1951, as amended (Ga. L. 1951, pp. 291, 311; 1953, Jan.-Feb. Sess., p. 352; 1953, Nov.-Dec. Sess., p. 87; 1955, p. 581; 1956, p. 69; 1956, p. 603; 1957, p. 307; 1958, p. 395) as violative of the uniformity clause of the Constitution, is without merit. Some portions of the act are obviously not unconstitutional, and this alone would defeat the attack upon the entire statute. *Stegall v. Southwest Ga. Housing Authority,* 197 Ga. 571, 584 (30 SE2d 196); *Franklin v. Harper,* 205 Ga. 779 (55 SE2d 221).

3. The right of trial by jury, under *Code* § 1-807, applies to Federal courts and not to State courts, and the right to a jury trial as guaranteed by the State Constitution (*Code* § 2-5101, Const. of 1945), i. e., the right shall remain inviolate—are those rights heretofore enjoyed at common law in civil and criminal cases, which can not be impaired by the legislature. 31 Am. Jur. 14, § 8. But no right to trial by jury existed in habeas corpus cases, and certainly not in juvenile courts, where the State as parens patriae has created this court with powers in the nature of habeas corpus for the protection of children. Thus section 27 of the act (Ga. L. 1951, pp. 306, 307) is not unconstitutional, as alleged, in depriving the parents of custody of their children without benefit of a trial by jury. See *Garner v. Wood,* 188 Ga. 463 (4 SE2d 137);

*Hampton v. Stevenson,* 210 Ga. 87 (78 SE2d 32); There is no merit in any of the constitutional attacks made.

> *Judgment affirmed. All the Justices concur.*

ARGUED JUNE 12, 1961—DECIDED JULY 6, 1961.

*T. V. Mullinax,* for plaintiff in error.
*Wm. H. Beck, Jr., George J. Polatty,* contra.