## 21863.   ADAMS v. KIRKLAND et al.

QUILLIAN, Justice.   In the record which we now review there was some conflict in the evidence in regard to whether the father failed to provide necessaries, and had abandoned the children, and whether the father had been guilty of such cruel treatment and reprehensible conduct as to relinquish his right to parental control. See *Code* §§ 74-108.3, 74-108.6 and 74-110.   See in this connection *Dornburg v. McKellar,* 204 Ga. 189 (48 SE2d 820); *Turpin v. Brown,* 170 Ga. 824 (154 SE 356); *Moore v. Dozier,* 128 Ga. 90 (2) (57 SE 110). Where there is conflict in the evidence supporting the opposite parties' position on the controlling issues of a case the discretion of the trial judge will not be controlled or interfered with. *Thompson v. Thompson,* 214 Ga. 618 (106 SE2d 788).   *Butts v. Griffith,* 189 Ga. 296 (5 SE2d 907); *Shope v. Singleton,* 196 Ga. 506 (27 SE2d 26); *McLain v. Smith,* 207 Ga. 641 (63 SE2d 663); *Stuckey v. Jones,* 212 Ga. 495 (93 SE2d 719).   Therefore, this court will not substitute its judgment for that of the trial judge absent abuse of legal discretion.

Here the evidence amply authorized, although it did not demand, the finding that the father was not a fit and proper person to have custody of the children and that it was for the best interests and welfare of the children that they be

awarded to the plaintiffs. As was pointed out in *Byers v. Loftis*, 208 Ga. 398, 399 (67 SE2d 118): "The evidence was in sharp conflict. The trial judge resolved that conflict against the petitioners [the plaintiff in error here], and awarded custody of the child to the respondent [the defendants in error here]. We can not say, notwithstanding the evidence of the petitioners to the contrary, that the judge of the court below abused his discretion."

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 15, 1962—DECIDED DECEMBER 3, 1962.

*Sumner & Boatright*, for plaintiff in error.
*Arthur C. Farrar*, contra.