23403. PECK v. SHIERLING et al.

ARGUED MARCH 15, 1966—DECIDED APRIL 7, 1966.

*M. Dale English,* for appellant.

*E. R. Smith, Sr.,* for appellees.

MOBLEY, Justice. This is a review of a judgment awarding custody of an eleven year old boy to the boy's aunt and her hus-

band, in a habeas corpus proceeding brought by the mother, the sole surviving parent of the child, against the aunt and her husband.

The record shows that the father and the mother of the son married on May 9, 1951, and in a divorce and custody proceeding brought by the husband against his wife, petitioner here, on the ground of adultery, to which the wife made no response, a divorce was, on August 27, 1963, granted both parties and custody of their nine year old son was awarded to the father. The father was in the military service, so he placed the son with his sister and her husband with whom he has since lived, except for a period of two months when he was with his mother and her present husband. The father died on July 10, 1965. The mother made demand upon the respondents for possession of the child which was refused. After hearing evidence the trial court awarded custody to the boy's aunt and her husband. The appeal is from that judgment.

It is the general rule that on the death of a parent who holds custody of a child under a divorce decree, the right of custody vests in the surviving parent. *Girtman v. Girtman*, 191 Ga. 173 (5) (11 SE2d 782) ; *Chapin v. Cummings*, 191 Ga. 408 (12 SE2d 312). The legal right to this child is thus in the mother. But this court in a recent case, *Perkins v. Courson*, 219 Ga. 611, 614 (135 SE2d 388), in a majority opinion, held that this rule is subject to the discretionary power of habeas corpus courts under *Code* § 50-121 and *Code* § 74-106 looking to the child's interest and welfare. In that opinion the court dealt exhaustively with this question, and thus it is unnecessary for us to again review the authorities on the subject. We there held that the legal and parental right to custody is subject to challenge on the ground of unfitness for the trust, and that, under *Code* § 50-121, the court in habeas corpus cases has discretion to award custody to a third person where such unfitness is found. We there pointed out that "This court has cautioned that challenge on the ground of unfitness must be by 'clear and satisfactory proofs,' *Miller v. Wallace*, 76 Ga. 479 (2b), and 'for grave and substantial cause,' *Sloan v. Jones*, 130 Ga. 836 (62 SE 21), not merely that 'the child might have the better financial, educational, or even moral

advantages.' *Chapin v. Cummings,* 191 Ga. 408, 413 (12 SE2d 312)." And we further stated, "But never, so far as we are able to ascertain, has this court approved an award to a person having the legal right but shown to be unfit; neither has it reversed an award to a third person where the person with the legal right was found unfit."

In the instant case the fitness of the child's aunt and her husband is not questioned. Thus, the sole question is whether the prima facie legal right of the mother to the child is overcome by "clear and satisfactory proof" of the unfitness of the mother.

The court, in its judgment awarding custody to the respondents, recited that the father gave the child to his sister and her husband, after custody was awarded to him, and that they had had the child since, and that their fitness is unquestioned, and that the case being on all fours with *Camp v. Bookman,* 204 Ga. 670 (51 SE2d 391), custody is awarded to the aunt and her husband. In *Camp v. Bookman,* supra, the court held that the father had lost his parental right to the child by abandonment and otherwise, and then held as to the mother "in the present case respecting the mother's claim, there being evidence to show her abandonment of the child in question, that she is personally not a suitable person to have possession of the child, and that her present husband's home is not a proper place for the child, the judge was authorized to find, as he did, that the interest and welfare of the child would be best served by awarding her custody" to third parties who were unquestionably fit and proper parties.

We do not agree with the trial judge that this case is on all fours with *Camp v. Bookman,* 204 Ga. 670, supra, as here there is no evidence whatever of abandonment of the child by the mother. Furthermore, in that case, neither parent had been awarded custody of the child, and thus it was not, as here, a case where upon the death of the parent to whom an award of custody had been made, the legal right vested in the surviving parent. Furthermore, there the court also found that the mother personally was not a suitable person to have custody of the child and that her husband's home was not a fit place for it to live.

In determining whether the mother or respondents should have

custody of this child, the trial court was required by law to recognize that upon the death of the father the legal right to the child automatically enured to the mother, and that she was entitled to its custody absent a showing that she had lost her parental rights in any one of the ways provided in *Code* § 74-108, or was an unfit person to have custody, which unfitness must be shown by strong and satisfactory proof. The court made no decision on these issues, but awarded custody to respondents because the father gave them the child, after custody was awarded to him, that it had remained with them, and that they were fit and proper persons to have custody.

The court having failed to pass upon the controlling issue of whether the mother had lost parental rights to the child under *Code* § 74-108, or was an unfit person to have custody, it was error to award custody to third parties for reasons not recognized by the law of this State as sufficient to take custody from the parent having the legal right to the child.

The judgment is reversed with direction that the judgment appealed from be vacated and that the court consider the evidence in accordance with the principles enunciated in the opinion as controlling and enter judgment accordingly.

*Judgment reversed with direction. All the Justices concur. Duckworth, C. J., Candler, P. J., and Almand, J., concur in the judgment of reversal only.*