25373. CARROWAY v. STYNCHCOMBE, Sheriff.

SUBMITTED SEPTEMBER 10, 1969—DECIDED SEPTEMBER 29, 1969.

*L. Paul Cobb, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Tony H. Hight, John Nuckolls,* for appellee.

ALMAND, Chief Justice. John Q. Carroway, in his petition for the writ of habeas corpus, alleged that the Sheriff of Fulton County was illegally detaining him by virtue of a warrant of arrest from the State of Alabama. The warrant was issued pursuant to the Uniform Act for Out of State Parolee Supervision (Ga. L. 1950, p. 405; *Code Ann.* § 27-2701a).

It was alleged that this Act was void as being a violation of designated provisions of the State and Federal Constitutions.

On the hearing, there was evidence that Carroway, after his conviction of the offense of burglary, and while serving his sentence in the State of Alabama, was granted a parole.

In his parole, he was given permission to reside in the State of Georgia. He agreed in writing to waive, "all extradition rights and process and agree to return when said board (Alabama State Board of Pardons and Paroles) directs at any time before expiration of my maximum sentence." Carroway was declared a delinquent on July 18, 1968. A warrant was issued by the State Parole Board and executed by an agent of the board who arrested Carroway in Georgia. Carroway was brought before Judge Boykin, presiding in Fulton Superior Court, who issued an order remanding him to the Sheriff of Fulton County, "In accordance with Code Section 27-2701a, Ga. Code."

At the conclusion of the hearing, the court remanded Carroway to the custody of the respondent sheriff, "and to so remain until further order of this court."

Error is enumerated on this order.

■ In his petition, Carroway attacked the Uniform Act for Out of State Parolee Supervision (Ga. L. 1950, p. 405; *Code Ann.* § 27-2701a) as follows: "That the aforesaid Act upon which said warrant was issued and executed is illegal, unconstitutional, null and void in that said Act is in derogation of Article III, Paragraph XX (Sect. 2-1920 Ga. Code Anno.) and Article I, Paragraphs III and XVI (Sect. 2-103, 116 Ga. Code Anno.) of the Constitution of the State of Georgia; furthermore,

it is violative of Amendments number IV, V, and XIV of the Constitution of the United States."

These allegations are insufficient to raise any constitutional question for determination. They do not state how or in what manner the law violated the designated sections of the Federal and State Constitutions, or what parts of said sections were violated. *Sanders v. Hinton*, 171 Ga. 702 (4) (156 SE 812); *Montgomery &c. Freight Lines v. Ga. Pub. Service Comm.*, 175 Ga. 826 (4) (166 SE 200); *Porter v. Watkins*, 217 Ga. 73 (2) (121 SE2d 120).

■ Under the evidence, the trial court properly found that the provisions of the Uniform Act for Out of State Parolee Supervision had been complied with, and remanded the petitioner to the respondent.

*Judgment affirmed. All the Justices concur.*