26192. ROBINSON v. THE STATE.

SUBMITTED DECEMBER 16, 1970—DECIDED JANUARY 7, 1971.

*J. B. Shapiro, Jr.,* for appellant.

*Dudley W. Garrett, Tony H. Hight,* for appellee.

MOBLEY, Presiding Justice. The Court of Appeals certified to this court the following question: "Is the provision in Section 21 of the Juvenile Court Act (Section 12 of the Act of 1968, Ga. L.

1968, pp. 1013, 1027) that 'All cases of children shall be dealt with at separate hearings by the court and without a jury,' violative of the Sixth Amendment to the Constitution of the United States in that it denies a child, charged as a delinquent under the Act because of the alleged violation of the criminal laws of this State, the right of trial by jury in the juvenile court?"

In *Hampton v. Stevenson*, 210 Ga. 87 (78 SE2d 32), this court held that the Juvenile Court Act of 1951 (Ga. L. 1951, pp. 291, 302) did not violate our State Constitution (Art. I, Sec. I, Par. V; *Code Ann.* § 2-105), guaranteeing the right of trial by jury to every person charged with an offense against the laws of this State, because the proceedings in the Juvenile Court were civil and not criminal. See also *Porter v. Watkins*, 217 Ga. 73 (3) (121 SE2d 120). The rulings in these cases would apply to the amended law (Ga. L. 1968, pp. 1013, 1027; *Code Ann.* § 24-2420), and would be controlling on the question of the constitutionality of that section under the similar requirement of the Sixth Amendment of the Constitution of the United States (that in all criminal prosecutions the accused shall have the right to trial by jury), unless recent decisions of the Supreme Court of the United States require a different ruling.

The Court of Appeals cited in connection with the certified question decisions of the Supreme Court of the United States as follows: In Re Gault, 387 U. S. 1 (87 SC 1428, 18 LE2d 527); DeStefano v. Woods, 392 U. S. 631 (88 SC 2093, 20 LE2d 1308); Kent v. United States, 383 U. S. 541 (86 SC 1045, 16 LE2d 84); In Re Winship, 397 U. S. 358 (90 SC 1068, 25 LE2d 368); United States v. Jackson, 390 U. S. 570 (88 SC 1209, 20 LE2d 138).

Three of these decisions, In Re Gault, Kent v. United States, and In Re Winship, dealt with juvenile court proceedings, and held that juveniles charged with offenses of a penal nature in juvenile courts were entitled to notice of hearing; right of counsel; privilege against self-incrimination; right of confrontation, cross examination, and review; and proof of charges of a criminal nature beyond a reasonable doubt. None of these cases decided whether or not there is a right of trial by jury in juvenile courts.

In Kent v. United States, 383 U. S. 541, 562, supra, it was said that the court did not mean "to indicate that the hearing to be

held must conform with all of the requirements of a criminal trial or even of the usual administrative hearing; but we do hold that the hearing must measure up to the essentials of due process and fair treatment." This statement was quoted with approval in the Winship case, 397 U. S. 358, supra. Thus it appears that the Supreme Court of the United States did not hold that the proceedings in the juvenile court were criminal, but only that certain guaranties of due process applicable to criminal trials must be applied in the juvenile court hearings.

No procedure is available to the juvenile court judges of this State to impanel a jury. It is the policy of our law that all cases concerning children "shall be dealt with at separate hearings by the court and without a jury," and that the "general public shall be excluded and only such persons admitted as the judge shall find to have a direct interest in the case or in the work of the court." Ga. L. 1968, pp. 1013, 1027 (*Code Ann.* § 24-2420). This policy was intended for the benefit of the child to spare it from the unfavorable publicity of a public trial before a jury. The State as parens patriae created the juvenile courts for the protection of children. The provision of the Juvenile Court Act that the hearing shall be without a jury does not deny due process or fair treatment to the juvenile, and the United States Supreme Court cases cited, dealing with juvenile court procedures, do not require a different ruling from that previously made by this court in *Hampton v. Stevenson,* 210 Ga. 87, supra.

The case of DeStefano v. Woods, 392 U. S. 631, supra, concerns the right of trial by jury in criminal cases generally, and does not decide the question of whether there is a right of trial by jury in juvenile court proceedings.

In United States v. Jackson, 390 U. S. 570, supra, it was held that a provision of the Federal Kidnaping Act, which required the accused to risk a possible death penalty in choosing a trial by jury rather than to plead guilty, placed an unconstitutional deterrent on the Sixth Amendment right to jury trial. That case is not analogous to the juvenile's choice between having the charges against him heard in a juvenile court without a jury, or being tried as an adult in the criminal courts, with the consequent right of trial by jury. The juvenile would have a trial on the issue of his delin-

quency whether he is tried in the criminal court or in the juvenile court.

We therefore answer the certified question of the Court of Appeals in the negative.

*Certified question answered in the negative. All the Justices concur.*