26655. WEST v. WEST.

Hawes, Justice. The appeal in this case is from so much of the final judgment and order of the Superior Court of DeKalb County entered in a divorce case which granted custody of the parties' minor child, age about 4 years, to the mother's grandfather over the contention of the father that he was entitled to its custody. No question as to the right of the mother to have custody is presented before this court.

1. "In a contest between a parent and a third party over the custody of a child, the first question to be determined is whether or not the parental control of the child has

been lost by the parent. Unless such parental control has been lost, the parent has a prima facie right of custody." *Dornburg v. McKellar,* 204 Ga. 189 (48 SE2d 820). Parental control may be lost by, among other things, failure of the father to provide necessities for the child and by cruel treatment of the child. *Code* § 74-108 (3) and (6). As to this issue, the evidence in this case, while in conflict, was amply sufficient to authorize the trial judge to find that the child was living with the appellant-father in the home of its paternal grandparents (custody having previously been awarded to the father in a temporary order entered shortly after the divorce proceeding was filed) in a state of gross neglect and abuse; that he was not given even ordinary care with respect to bodily cleanliness and toilet training; that matters respecting his health and physical condition were neglected; that he was permitted by his father to consume alcoholic beverages; that he was frequently seen walking about with a cigarette in his mouth; that the father, either deliberately or by example, was teaching him to use profanity; that he was not provided with a balanced diet; that on at least one occasion the father failed to secure proper medical attention when the child had broken his arm; that the father had deliberately burned the child on the back of his hand with a cigarette; and, that the father stuck "bobby pins" in his ears as a means of compelling him to be quiet and to go to sleep at night.

The father either denied or sought to explain away much of the evidence authorizing findings to this effect, and he also introduced positive evidence that the conditions under which the child was living and the care which he was receiving while in his custody were good. However, in cases involving the custody of minor children where the trial judge, sitting as the trior of the facts, hears the evidence, his findings based upon conflicting evidence is analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. *Kelly v. Kelly,* 146 Ga. 362 (91 SE 120); *Phil-*

*lips v. Phillips,* 161 Ga. 79 (129 SE 644); *Perkins v. Courson,* 219 Ga. 611, 616 (135 SE2d 388); *Bass v. Bass,* 222 Ga. 378, 388 (149 SE2d 818).

While we are not prepared to say that any one of the facts which the trial judge was authorized to find, as outlined above, standing alone, would be grounds for holding that the father had lost his parental rights, we think it is clear that the general conditions under which the child was shown to be living and the treatment which he was receiving at the hands of the father, as demonstrated by all of those facts, authorized a finding that the child was so neglected that he was not being provided with the necessities of life and that the father had cruelly mistreated him. We hold that in the civilized society in which we live today, the phrase, "the necessities of life," includes something more than mere food, clothing and shelter. It includes, in addition to those elements, at least, provision for adequate medical attention reasonably necessary to restore a broken and diseased body to wholeness and to health. The failure to procure such medical attention when needed by the child, and when such failure is caused, not by ignorance, but by indifference, neglect or negligence of the parent having custody, may amount to a failure to provide the necessities of life such as would authorize a finding that the parent had lost parental control as provided in *Code* § 74-108. Under the evidence adduced in this case, a finding that the father had lost his parental rights was authorized.

2. In the final order appealed from, the trial judge granted a divorce to the father, thus, in effect, finding that as between him and the mother, he was the innocent party. This did not establish any absolute right in him to the custody of their minor child, and where the evidence showed that by reason of his mistreatment and neglect of the child he forfeited his right to custody, the court, in the exercise of its sound discretion, was authorized to award custody of the child to a third party. In cases such as this, the sole consideration is the welfare and best

interest of the child. *Williams v. Crosby,* 118 Ga. 296, 298 (45 SE 282); *Milner v. Gatlin,* 143 Ga. 816, 820 (85 SE 1045, LRA 1916B, 977); *Brooks v. Isabel,* 150 Ga. 727 (105 SE 483); *Bishop v. Gibson,* 158 Ga. 149 (123 SE 125); *Turpin v. Brown,* 170 Ga. 824 (154 SE 356); *Dornburg v. McKellar,* 204 Ga. 189, supra; and, *Perkins v. Courson,* 219 Ga. 611, supra.

3. The judgment appealed from being amply authorized by the evidence, it is not apparent that it was based on bias and prejudice. While the remark of the trial judge that, "This is the worst case I have ever heard in my life," as complained of in the third ground of enumerated error, was inapt, it furnishes no cause to set aside the judgment which was manifestly correct.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 15, 1971—DECIDED NOVEMBER 18, 1971—REHEARING DENIED DECEMBER 1, 1971.

*Allen, Smith & Tomlinson, T. M. Allen, Jr., Ashton K. Tomlinson,* for appellant.

*Murphy, McFarland & Turoff, Martin McFarland,* for appellee.