59762. THOMAS et al. v. MEMORY et al.

Deen, Chief Judge.

This is a suit to recover a real estate commission brought by Sam Memory and C. Allen Oxford, and an appeal is brought following the denial of Thomas' and Pulliam's motion for a new trial.

1. Contrary to appellants' contentions, the trial court dismissed C. Allen Oxford as a party plaintiff at trial and following the jury verdict the court entered a final judgment in favor of Memory.

2. As appellant raised no objection in the court below to the failure of the trial court to exclude from the judgment that portion of the award of damages it claims belongs to Jim Royer Realty Company, which was not a party to this suit, it may not raise that issue for the first time on appeal. *Tyler v. State,* 147 Ga. App. 394 (249 SE2d 109) (1978).

3. The trial court did not err in denying appellants' motion to dismiss for failure to prove damages. Memory testified that the parties' oral agreement was for a commission of one month's rent plus five percent of the monthly rental and a copy of the lease was introduced which showed "a monthly rental of $1700 for the first twelve months, $1900 for the second twelve months thereafter; $2000 for the third, fourth and fifth twelve months period thereafter." During trial, the court asked counsel to calculate the accrued commission based on a five percent commission. No objection was raised when the jury was instructed that if they found a contract existed between the parties they could find in favor of the plaintiff in the sum of $2825. We find no merit in this enumeration.

4. Appellants' contention that plaintiffs failed to prove that they were the procuring cause of the lease is without merit. The evidence showed that Memory brought the parties together, the jury was instructed that they were the judges of all issues of fact and were futher instructed that the broker must "either have leased it or been the procuring cause of the lease" in order to earn a commission.

5. As appellants did not object to the court's charge on damages, this issue cannot be raised for the first time on appeal. *Arnold v. DeKalb County Hosp. Auth.,* 148 Ga. App. 361 (251 SE2d 382) (1978).

6. The general grounds are also without merit. Memory testified that he called Thomas in October of 1977 about whether the property was available for lease, was informed that it was, but no agreement as to a commission was reached. Later, he called Thomas back to find out the amount he wanted for the lease and was informed $2,000, "and I said, 'Well, to include the real estate commission. . . let's agree that it will be $2,200, so it will include the first month's rent and five percent of the monthly rentals after that for the real estate commission,' and he said, 'Fine.' " Georgia law does not require real estate listings to be reduced to writing and oral contracts are enforceable. *Campbell v. Mutual Service Corp.,* 152 Ga. App. 493 (263 SE2d 202) (1979). Although Thomas denies that an oral contract existed, he admits that Memory brought Pulliam out to the property and showed it to him. Accordingly, there was sufficient evidence to support the jury verdict under the "any evidence" rule. *West v. West,* 228 Ga. 397 (185 SE2d 763) (1971).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

ARGUED APRIL 8, 1980 — DECIDED MAY 16, 1980 —
REHEARING DENIED MAY 29, 1980 —

*George G. Chenggis,* for appellants.
*Jack A. Wotton, Clifford Oxford,* for appellees.