## 73833. POWELL v. ORR.
(356 SE2d 562)

Birdsong, Chief Judge.

We granted this discretionary appeal to determine whether the trial court erred in changing custody of appellant Nancy Marjorie Orr's two minor children to the paternal grandparents. The order of the trial court was grounded upon its finding that the mother had not provided a stable home for the children, although she had just begun to establish a stable environment and the court "will possibly reconsider her home at a date in the future." *Held*:

In a custody dispute between a parent and third parties, the law contemplates that the natural parent will be awarded custody unless present unfitness of the parent is established by clear and convincing evidence. Only then is the trial court authorized to consider an award of custody to third parties. *Childs v. Childs*, 237 Ga. 177, 178 (227 SE2d 49); *Peck v. Shierling*, 222 Ga. 60 (148 SE2d 491). A determination as to best interests of the child is not the sole standard to be used in a custody contest between a parent and a third party, including grandparents. *Mathis v. Nicholson*, 244 Ga. 106 (259 SE2d 55). Custody may not be granted to a third party unless a finding has been made upon clear and convincing evidence that the parent is unfit. OCGA § 19-7-4.

The trial court specifically found this mother had begun to establish a stable environment suitable for her children. The court made no finding or determination that she is unfit; no such determination was sought to be made in this proceeding and no move is made to terminate her parental rights. Accordingly, the trial court erred in granting custody to the grandparents simply upon finding that such award was in the best interests of the children on this "petition to change custody" brought by the mother against the father. As to proceedings in a petition by the parent to change custody where a third party is involved, see, e.g., *In re J. C. P.*, 167 Ga. App. 572 (307 SE2d 1).

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

Decided April 14, 1987.

*Franklin E. Remick*, for appellant.

*W. Ashley Hawkins*, for appellee.